IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC RADIATION ONCOLOGY, LLC, a Hawai`i Limited Liability Corporation, et al.,<br><br>      Plaintiffs,<br><br>  vs.<br><br>THE QUEEN'S MEDICAL CENTER, a Hawai`i Non-Profit Corporation, et al.,<br><br>      Defendants. | CIVIL NO. 12-00064 LEK-KSC |

**ORDER DENYING JOHN DOE'S MOTION TO INTERVENE IN THE PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER, OR IN THE ALTERNATIVE, FOR A PRELIMINARY INJUNCTION**

Before the Court is John Doe's[1] Motion to Intervene in the Plaintiffs' Motion for a Temporary Restraining Order, or in

---

[1] Before removal, the state court judge granted John Doe's ex parte petition to proceed under a pseudonym. John Doe filed both his motion to intervene ("State Court Motion") and his petition to proceed under a pseudonym, which contains the order granting the petition ("Pseudonym Petition"), on January 30, 2012 in state court. These documents, however, were not among those attached to the Notice of Removal, [dkt. no. 1,] nor were they part of the documents transmitted to the district court from the First Circuit Court [dkt. no. 17]. John Doe attached the State Court Motion and the Pseudonym Petition to the instant Motion as Exhibits 1 and 2, respectively. [Dkt. nos. 9-1, 9-2.] The instant Motion essentially incorporates the State Court Motion by reference, and the instant Motion does not have its own memorandum in support or its own affidavits. All citations in this Order to the "Memorandum in Support of Motion" refer to the memorandum in support of the State Court Motion, and all citations to affidavits in support of the instant Motion refer to affidavits attached to the State Court Motion.

the Alternative, for a Preliminary Injunction ("Motion"), filed on February 1, 2012.  Defendants The Queen's Medical Center, a Hawai`i Non-Profit Corporation, Queen's Development Corp, a Hawai`i for Profit Corporation, and the officers and/or trustees of Queen's Medical Center, in their individual and official capacities (collectively "Defendants") filed their memorandum in opposition on February 6, 2012.  Plaintiffs Pacific Radiation Oncology, LLC, a Hawai`i Limited Liability Corporation, PRO Associates, LLC, a Hawai`i Limited Liability Corporation, and John Lederer, M.D., Individually and as a Manager of the LLCs appearing for the Pacific Radiation Oncology Physicians (collectively "Plaintiffs") did not respond to the Motion.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i.  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, John Doe's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The instant case arises from Defendants' decision to adopt a closed-facility model for the radiation oncology department of The Queen's Medical Center ("Queen's").  Plaintiffs represent six radiation oncologists who treat patients at Queen's, among other places, but who are not employed by Queen's.

Under the terms of the new policy, they would lose their hospital privileges at Queen's and would no longer be able treat their patients there. The new policy was to take effect on February 1, 2012. On January 27, 2012, in state court, Plaintiffs filed their Verified Complaint for Declaratory and Injunctive Relief and for Damages ("the Complaint") and their Motion for Temporary Restraining Order, or in the Alternative, for a Preliminary Injunction ("Plaintiffs' Motion").

On February 3, 2012, this Court issued an order addressing the portion of Plaintiffs' Motion requesting a temporary restraining order ("TRO Order"). [Dkt. no. 19.] The Court granted Plaintiffs' request for a temporary restraining order in part and ordered that Defendants allow Plaintiffs to perform the procedures listed in the TRO Order at Queen's, including any in-patient treatment, hospitalization, chart or record review, surgery, follow-up care and/or scheduling associated with those procedures, until this Court rules on the remaining portion of Plaintiffs' Motion, which requests a preliminary injunction. One of the listed procedures is brachytherapy radiation therapy. [Id. at 20-21.] Plaintiffs' request for a preliminary injunction is set for hearing on February 14, 2012.

I. **John Doe's Motion**

John Doe states that he "only seeks to appear at the

hearing for injunctive relief." [Mem. in Supp. of Motion at 3.] John Doe argues that, under the circumstances, the Court should grant him either intervention as of right under Federal Rule of Civil Procedure 24(a) or permissive intervention under Rule 24(b). John Doe has been diagnosed with Stage 4 advanced prostate cancer. He is a patient of Plaintiff John Lederer, M.D. [Motion, Aff. of Cancer Patient 1, at ¶¶ 1-2.] He states that his best possibility for a cure is high dose rate brachytherapy treatment, which can only be performed at Queen's. [Id. at ¶¶ 4, 6-7.] John Doe states that he does not want to change physicians because of his confidence in Dr. Lederer, who has performed the treatment hundreds of times, and because he does not believe there is anyone else in Hawai`i who is as qualified as Dr. Lederer. [Id. at ¶¶ 5, 10.]

John Doe argues that he meets all of the requirements for intervention as of right: the Motion is timely; he has an obvious interest in the outcome of Plaintiffs' Motion; the ruling on Plaintiffs' Motion may, as a practical matter, impede or impair his ability to obtain the life-saving treatment he needs at Queen's; and Plaintiffs do not adequately represent his interests. In the alternative, John Doe argues that permissive intervention is appropriate because his claim, that he is being denied live-saving treatment because of Defendants' actions, is common to the claims alleged by Plaintiffs. Further, John Doe

argues that his intervention will not unduly delay the proceedings and will not prejudice Defendants.

## II. **Defendants' Opposition**

In their memorandum in opposition, Defendants argue that John Doe's Motion is moot because Defendants will voluntarily allow Dr. Lederer to continue to treat patients at Queen's. Defendants also contend that the Motion is procedurally defective because: 1) Rule 24 does not permit intervention for a limited special purpose, as opposed to intervention in order to fully participate in the litigation; and 2) John Doe failed to attach a pleading setting forth his claim or defense, as required by Rule 24(c).

If the Court is inclined to consider the merits of the Motion, Defendants argue that John Doe cannot satisfy the requirements for intervention as of right under Rule 24(a). Defendants contend that John Doe's interest is not protected under any identified law and, even if he had a legally protectable interest, it is adequately represented by Plaintiffs. Defendants also argue that the Court should deny John Doe's request for permissive intervention because John Doe has not alleged any independent claims and, to the extent that he has asserted an interest separate from Plaintiffs' interests, John Doe has not established that there is an independent basis for jurisdiction over his claim. Further, injecting issues regarding

John Doe's individual medical condition and treatment would unduly delay the proceedings.  Defendants therefore urge the Court to deny John Doe's Motion.

## DISCUSSION

### I. Procedural Challenges

The Court must first address Defendants' argument that John Doe's Motion is improper because: 1) he only seeks to intervene for the limited purpose of presenting oral argument on Plaintiffs' request for a preliminary injunction; and 2) he failed to attach a complaint in intervention.

The Ninth Circuit has recognized that "as a general rule, intervenors are permitted to litigate fully once admitted to a suit." League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1304 (9th Cir. 1997) (citation omitted).  Further, other courts have noted that "the Federal Rules do not anticipate limited, 'special status' intervenors" who do not wish to participate fully in the litigation, and therefore such motions for limited intervention "are looked upon with disfavor." New York News Inc. v. Newspaper & Mail Deliverers' Union of New York, 139 F.R.D. 291, 293 (S.D.N.Y. 1991) (citation omitted).  These authorities, however, merely express the general rule and, insofar as this Court has concluded that John Doe cannot prevail on the merits of his Motion, this Court declines to address the issue whether Federal Rule of Civil Procedure 24 precludes, as a

matter of law, motions to intervene for limited purposes.

Similarly, this Court will not deny the Motion merely because John Doe failed to attach a complaint in intervention. See Fed. R. Civ. P. 24(c) (stating that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought"). New York News recognized that the failure to comply with Rule 24(c) is not alone fatal to a motion to intervene. 139 F.R.D. at 293. Further, this district court has recognized that it "could very liberally construe [a proposed intervenor's] motion and the attachments to comply with" Rule 24(c)'s requirement that a motion to intervene include a pleading. Glyn v. Roy Al Boat Mgmt. Corp., 897 F. Supp. 451, 453 (D. Hawai`i 1995).

This Court therefore rejects Defendants' argument that the Court should not consider the merits of John Doe's Motion because it is procedurally defective.

## II.  Mootness

Defendants also argue that the Court should not consider John Doe's Motion because it is moot. Defendants note that, during a status conference regarding Plaintiffs' request for a temporary restraining order, Defendants' counsel informed opposing counsel and the Court that Queen's would modify its closed-facility policy to allow Dr. Lederer to continue to treat

his patients, including John Doe, at Queen's until the conclusion of the litigation. John Doe's counsel responded that, if that happened, John Doe's claim would probably be moot. Defendants assert that "by QMC's agreement, the Proposed Intervenor will receive the same treatment he seeks via his motion to intervene in the preliminary injunction hearing" and John Doe's claims are therefore moot. [Mem. in Opp. at 2.] As noted in this Court's TRO Order, however, the parties were not able to reach an agreement providing for the continuing care of Plaintiffs' patients at Queen's. Under the TRO Order, John Doe would be entitled to have Dr. Lederer perform the brachytherapy radiation therapy he needs at Queen's. The TRO Order, however, only addresses the period until this Court issues its decision on Plaintiffs' request for a preliminary injunction. The Court therefore FINDS that John Doe's Motion is not moot, and the Court now turns to the merits of the Motion.

**III. Intervention as of Right**

        Federal Rule of Civil Procedure 24(a) states:

        On timely motion, the court must permit anyone to intervene who:
            (1) is given an unconditional right to intervene by a federal statute; or
            (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

John Doe has not identified any federal statute giving him an unconditional right to intervene.  He therefore alleges that he is entitled to intervene pursuant to Rule 24(a)(2), which requires him to show that:

> (1) [he] has a "significant protectable interest" relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect [his] interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

Canatella v. California, 404 F.3d 1106, 1112 (9th Cir. 2005) (citation omitted).  Other than the element of timeliness, which is not at issue here, the elements are considered under a practical and equitable analysis.  Id. at 1113.

A party seeking to intervene has a "significantly protectable interest" if his interest "is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims."  United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004) (citations omitted). The interest can be protectable under any statute.  Id.  While John Doe has not cited a specific statute, this Court has no difficultly finding that John Doe's interest in receiving a potentially life-saving treatment in a timely manner from an experienced physician is significant, and that this interest is legally protectable where Defendants' closed-facility policy threatens to deny him access to that treatment and Defendants'

9

actions in adopting that policy allegedly violated state law regarding, *inter alia*, deceptive trade practices and unfair methods of competition.  Further, the Court's decision on Plaintiffs' request for a preliminary injunction may, as a practical matter, impair John Doe's ability to protect his interest.

        The critical factor in the instant Motion is whether Plaintiffs will adequately protect John Doe's interest.  John Doe argues that he "has an interest significantly different than that of the Plaintiffs" because his "life is on the line, and his concerns go far beyond issues of unfair trade practices or unfair methods of competition."  [Mem. in Supp. of Motion at 2-3.]  The issue at the heart of Plaintiffs' Motion, however, is not whether Defendants committed unfair trade practices or unfair methods of competition in adopting the closed-facility policy.  What this Court must ultimately decide in ruling on the remaining portion of Plaintiffs' Motion is whether Plaintiffs can continue to treat their patients at Queen's during the pendency of this action.  To the extent that Plaintiffs want to continue to treat all of their patients at Queen's and John Doe is one of those patients, John Doe's interest will be adequately protected by Plaintiffs.[2]  The

---

[2] Although the Court does not base its decision on John Doe's request for intervention as of right solely on counsel's representations, the Court does note that, during the pendency of this Motion, this Court allowed John Doe's counsel to participate
(continued...)

Court therefore CONCLUDES that John Doe is not entitled to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a).

### III. **Permissive Intervention**

> Rule 24(b) states, in pertinent part:
>
> (1) In General.  On timely motion, the court may permit anyone to intervene who:
>     (A) is given a conditional right to intervene by a federal statute; or
>     (B) has a claim or defense that shares with the main action a common question of law or fact.
> . . . .
> (3) Delay or Prejudice.  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

John Doe has not identified any federal statute giving him a conditional right to intervene.  He therefore urges the Court to grant him permissive intervention pursuant to Rule 24(b)(2) because there are common issues between his claim and Plaintiffs' claim.  "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."  Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998) (citation omitted).  It is true

---

    [2](...continued)
in the status conferences regarding Plaintiffs' request for a temporary restraining order.  At no point in those conferences did it appear that John Doe's interests diverged from Plaintiffs' interests.

that both John Doe and Plaintiffs are contending that patients are being denied necessary, even life-saving treatment, because of Defendants' actions.  Further, allowing John Doe to intervene would not unduly delay the proceedings associated with Plaintiffs' request for a preliminary injunction, nor would it prejudice the parties.  The decision to grant permissive intervention, however, is discretionary.  Kukui Gardens Corp. v. Holco Capital Grp., Inc., 261 F.R.D. 523, 534 (D. Hawai`i 2009); see also Donnelly, 159 F.3d at 412 ("Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." (citation omitted)).  It is not entirely clear what the independent basis for jurisdiction is for John Doe's claim because it is not entirely clear what his claim is.  Even assuming *arguendo* that there was an independent basis for jurisdiction over John Doe's claim, this Court finds that there is no significant reason for this Court to exercise its discretion to grant the Motion.  John Doe's interest in this case is limited to oral argument on Plaintiffs' Motion, and John Doe's position on Plaintiffs' Motion does not add anything beyond what Plaintiffs will present.

This Court therefore, in the exercise of its discretion, DENIES John Doe's request for permissive intervention pursuant to Fed. R. Civ. P. 24(b).

**CONCLUSION**

On the basis of the foregoing, John Doe's Motion to Intervene in the Plaintiffs' Motion for a Temporary Restraining Order, or in the Alternative, for a Preliminary Injunction, filed on February 1, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 9, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PACIFIC RADIATION ONCOLOGY, ET AL. V. THE QUEEN'S MEDICAL CENTER, ET AL; CIVIL NO. 12-00064 LEK-KSC; ORDER DENYING JOHN DOE'S MOTION TO INTERVENE IN THE PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER, OR IN THE ALTERNATIVE, FOR A PRELIMINARY INJUNCTION**