OF COUNSEL:
DAVIS LEVIN LIVINGSTON

| | |
|---|---|
| MARK S. DAVIS | 1442-0 |
| MICHAEL K. LIVINGSTON | 4161-0 |
| LORETTA A. SHEEHAN | 4160-0 |
| MATTHEW C. WINTER | 8464-0 |
| CLARE E. CONNORS | 7936-0 |

851 Fort Street, Suite 400
Honolulu, Hawai`i  96813
Telephone: (808) 524-7500/Fax: (808) 356-0418
Email:  mdavis@davislevin.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| **PACIFIC RADIATION ONCOLOGY, LLC,** A HAWAI`I LIMITED LIABILITY CORPORATION, **et al.,**<br><br>Plaintiffs,<br>vs.<br><br>**THE QUEEN'S MEDICAL CENTER,** A HAWAI`I NON-PROFIT CORPORATION, **et al.,**<br><br>Defendants. | CIVIL NO. **12-00064 LEK-KSC**<br>(Other Civil Action)<br><br>**STATUS REPORT REGARDING EFFORTS TO SECURE ALTERNATE FACILITIES FOR THE COVERED PROCEDURES; AND CERTIFICATE OF SERVICE**<br><br>*Trial*<br><br>*Date  :    May 7, 2013*<br>*Judge:    LESLIE E. KOBAYASHI* |

# STATUS REPORT REGARDING EFFORTS TO SECURE ALTERNATE FACILITIES FOR THE COVERED PROCEDURES

## I. INTRODUCTION

Plaintiffs file this report to apprise the Court of the status of their efforts to secure alternative locations at which the procedures covered by this Court's March 20, 2012 Order can be performed.  In its Order, the Court identified the following seven procedures:

1. Permanent seed implants for prostate cancer;
2. HDR brachytherapy for prostate cancer;
3. Volume studies related to permanent seed implants or HDR brachytherapy;
4. External beam radiation therapy related to permanent seed implants or HDR brachytherapy;
5. Procedures requiring general anesthesia, including pediatric external beam radiation;
6. Endoluminal trachea, bile duct (brachytherapy) radiation therapy; and
7. 4D CT scans.

Order Granting in Part and Denying in Part Plaintiffs' Motion for Preliminary Injunction, March 20, 2012, Docket #63, at 57 (hereinafter "Order").

Plaintiffs continue to make arrangements that will allow them to provide these procedures at alternative facilities.  However, as of the date of this status report, the various components are not yet in place.

## II. PERMANENT SEED IMPLANTS FOR PROSTATE CANCER

The negotiations continue with Surgicare of Hawai`i, which has one compatible facility on Oahu and is affiliated with Surgical Care Affiliates, a

mainland-based company that operates surgical facilities across the country. Pursuant to a preliminary agreement, Plaintiffs hope to perform radioactive seed implantations using the operating room at Surgicare. Because the patient can be discharged the same day as admission, the implantation of seeds is considered an allowable out-patient procedure under guidelines adhered to by Surgicare.

The process advanced further along when on August 20, 2012, the Nuclear Regulatory Commission ("NRC") approved Plaintiffs' application for a license to store and deliver radioactive seeds at the Surgicare facility. In accordance with this license, Plaintiffs have purchased new equipment to perform the seed implants at Surgicare, including an ultrasound and stepper. The volume studies for the permanent seed implants will also be performed at Surgicare using this equipment.

This preliminary arrangement notwithstanding, the medical and insurance reimbursement requirements have created some delays. Surgicare is still attempting to reach agreement with payors such as Hawai`i Medical Service Association ("HMSA") regarding reimbursement. On August 24, 2012, Surgicare informed Plaintiffs that it anticipated having closure with the payors within 60 days. Until a system for reimbursing Surgicare has been established, the transition of the seed implant procedure to this facility cannot be completed. In addition, the lease of Plaintiffs' equipment to Surgicare has yet to be finalized and approved by Surgicare.

## III.   HDR BRACHYTHERAPY

With respect to the High Dose-Rate ("HDR") brachytherapy procedures, Plaintiffs continue to research options for administering the covered brachytherapy procedures at alternative sites.  As discussed in earlier pleadings, the devices used to administer the high doses of radiation must be implanted surgically, which requires an operating room.  After the devices are implanted, catheters are inserted to deliver the radiation to the designated site.  Originally, Plaintiffs had hoped to use the operating room facilities at Surgicare to implant the devices.  However, Surgicare determined that the procedure would not qualify as an allowable "outpatient" procedure because after the devices are surgically implanted, the patient must be transported to one of The Cancer Center of Hawai`i ("TCCH") facilities for the administration of radiation.  Because of the multiple needles implanted at the targeted radiation sites, the patient would not be in a condition to be discharged home from the Surgicare facility.  Generally, the patient would remain as an inpatient for approximately two days.

In light of Surgicare's determination, Plaintiffs continue to research options for providing HDR treatments in a hospital setting, which would require ambulance transport twice daily to a TCCH facility.  They also are researching the possibility of establishing an outpatient program at TCCH.  To deliver the full course of HDR treatment, Plaintiffs must arrange for anesthesia equipment, a procedure room, trained nurses, a crash cart, and anesthesiologists.  Plaintiffs have

looked into providing the Advanced Cardiac Life Support ("ACLS") training for physicians and nursing staff, which can be arranged readily.  However, Plaintiffs are still exploring options for making anesthesiologists available during the procedure and recovery phases of the treatments.  Presently, Plaintiffs are in negotiations with two anesthesiologist practices.

To further explore these options, Plaintiffs are scheduling site visits to the mainland in the first quarter of next calendar year.

## IV.   PEDIATRIC TREATMENTS

With respect to Plaintiffs' pediatric program, which requires the use of anesthesia for daily treatments administered over the course of up to five or six weeks, Plaintiffs are scheduling nurses for Pediatric Life Support ("PALS") classes.  As with the HDR brachytherapy procedures, however, the pediatric treatments require cooperation among different disciplines and, importantly, the availability of anesthesiologists for up to six week courses of therapy.  As noted above, Plaintiffs are in discussion with two anesthesiologist practices.

## V.   CONCLUSION

It remains a priority of Plaintiffs to finalize arrangements at alternative facilities to enable the other five Plaintiff-physicians to practice these critical aspects of their medical specialty and to otherwise assist their colleague, Dr. Lederer, in the provision of the covered therapies to their patients.  Although discussions continue, it appears Plaintiffs will, as anticipated in prior pleadings,

need access to the QMC campus through at least the end of the year to perform those procedures that require an operating room, properly trained staff, and the ability to monitor patients overnight.  Until the negotiations are complete, and in particular the reimbursement matters holding up the negotiations with Surgicare are resolved, QMC remains the only facility on Oahu where Dr. Lederer can provide the covered procedures.

As Plaintiffs continue to work on these arrangements, they respectfully request the setting of a further status deadline in March of 2013.

DATED:   Honolulu, Hawai`i, September 20, 2012.

/s/ Mark S. Davis
_____
MARK S. DAVIS
MICHAEL K. LIVINGSTON
LORETTA A. SHEEHAN
MATTEW C. WINTER
CLARE E. CONNORS

Attorneys for Plaintiffs

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| **PACIFIC RADIATION ONCOLOGY, LLC,** A HAWAI`I LIMITED LIABILITY CORPORATION; **et al.,**<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>**THE QUEEN'S MEDICAL CENTER,** A HAWAI`I NON-PROFIT CORPORATION, **et al.,**<br><br>　　　　Defendants. | CIVIL NO. **12-00064 LEK-KSC**<br>(Other Civil Action)<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

　　　　I hereby certify that on September 20, 2012, a true and accurate copy of Plaintiffs' Status Report Regarding Efforts to Secure Alternate Facilities for the Covered Procedures was duly served on the following parties electronically through CM/ECF on the date of filing:

| | |
|---|---|
| Paul Alston | palston@ahfi.com |
| William S. Hunt | whunt@ahfi.com |
| Clyde J. Wadsworth | cwadsworth@ahfi.com |
| Claire Wong Black | cblack@ahfi.com |
| 1001 Bishop Street, 18th Floor | |
| Honolulu, HI  96813 | |
| 　　　　and | |
| Daniel M. Mulholland, III | dmulholland@hortyspringer.com |
| HORTY, SPRINGER & MATTERN, P.C. | |
| 4614 Fifth Avenue | |
| Pittsburgh, PA  15213 | |
| Attorneys for Defendants | |

　　　DATED:  Honolulu, Hawaii  September 20, 2012

　　　　　　　　　　　　　　　　　　　　/s/ MARK S. DAVIS
　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　MARK S. DAVIS
　　　　　　　　　　　　　　　　　　　　CLARE E. CONNORS
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs