IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC RADIATION ONCOLOGY, LLC, a Hawai`i Limited Liability Corporation, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE QUEEN'S MEDICAL CENTER, a Hawai`i Non-Profit Corporation, et al., <br><br> Defendants. | CIVIL NO. 12-00064 LEK-KSC |

**ORDER DENYING PLAINTIFFS' MOTION
TO DISMISS DEFENDANTS' COUNTERCLAIM**

On March 18, 2014, Plaintiffs/Counterclaim Defendants Pacific Radiation Oncology, LLC, a Hawai`i Limited Liability Corporation ("PRO LLC"), PRO Associates, LLC, a Hawai`i Limited Liability Corporation ("PRO Associates"), John Lederer, M.D., Laeton Pang, M.D., Eva Bieniek, M.D., Vincent Brown, M.D., Paul DeMare, M.D., and Thanh Huynh, M.D. (all collectively "Plaintiffs"), filed their Motion to Dismiss Defendants' Counterclaim ("Motion"). [Dkt. no. 185.] Defendants/Counter Claimants Queen's Medical Center, a Hawai`i Non-Profit Corporation ("Queen's"), Queen's Development Corp., a Hawai`i for Profit Corporation, Noreen D.S.W. Mokuau, William G. Obana, M.D., Arthur A. Ushijima, Mark H. Yamakawa, Paula Yoshioka, Sharlene K. Tsuda, Richard C. Keene, Clinton Yee,

Naleen N. Andrade, M.D., Ernest H. Fukeda, Jr., Robb Ohtani, M.D., Neil J. Hannahs, Christine M. Gayagas, Peter K. Hanashiro, Robert K. Nobriga, Eric K. Yeaman, Julia C. Wo, Caroline Ward Oda, Peter Halford, M.D., Barry Weinman, each individually and in his or her capacity as Officer and Trustee of Queen's Medical Center (collectively "Defendants"),[1] filed their memorandum in opposition to the Motion on April 28, 2014, and Plaintiffs filed their reply on May 5, 2014. [Dkt. nos. 191, 192.]

This matter came on for hearing on May 19, 2014. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

PRO LLC, PRO Associates, and Dr. Lederer, "individually and as a manager of the LLCs appearing for the Pacific Radiation Oncology physicians," filed their original complaint in state court on January 27, 2012. [Notice of Removal, filed 1/31/12 (dkt. no. 1-1), Exh. A[2] (Verified Complaint for Declaratory and

---

[1] This Court will refer to the individual defendants, *i.e.* all defendants except Queen's and Queen's Development Corp., collectively as "the Trustee Defendants."

[2] Exhibit A to the Notice of Removal consists of "[c]opies of all substantive proceedings from the State Action." [Notice of Removal at ¶ 1.]

2

Injunctive Relief and for Damages ("Complaint")) at pg. 3.[3]
They also filed a motion for a temporary restraining order
("TRO") and a preliminary injunction with the Complaint. [Id.,
(dkt. nos. 1-3 to 1-19), Exh. A (Motion for Temporary Restraining
Order, or in the Alternative, for a Preliminary Injunction).] On
February 3, 2012, this Court issued its Order Granting in Part
and Denying in Part Plaintiffs' Motion for a Temporary
Restraining Order ("TRO Order"). [Dkt. no. 19.[4]] On March 20,
2012, this Court issued its Order Granting in Part and Denying in
Part Plaintiffs' Motion for Preliminary Injunction ("Preliminary
Injunction Order"). [Dkt. no. 63.[5]] On March 21, 2012,
Defendants filed a Notice of Appeal from the Preliminary
Injunction Order. [Dkt. no. 64.]

On February 23, 2012, Plaintiffs filed their Amended
Complaint for Declaratory and Injunctive Relief and for Damages
("Amended Complaint"). [Dkt. no. 44.] The Amended Complaint
named Dr. Lederer in his individual capacity only and added the
other PRO physicians as plaintiffs. The TRO Order summarizes the
Complaint's key factual allegations, claims, and requests for
relief. These remained the same in the Amended Complaint. This

---

[3] Defendants removed the case on January 31, 2012, based on federal question jurisdiction. [Notice of Removal at ¶ 2.]

[4] The TRO Order is also available at 2012 WL 381209.

[5] The Preliminary Injunction Order is also available at 861 F. Supp. 2d 1170.

3

Court therefore adopts the portion of the Background section of the TRO Order discussing the factual allegations, claims, and requests for relief in the Complaint as the summary of the relevant portions of the Amended Complaint.  See TRO Order, 2012 WL 381209, at *2-3.

On March 19, 2012, Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss"). [Dkt. no. 61.]  Plaintiffs filed their memorandum in opposition to the Motion to Dismiss on July 2, 2012.  [Dkt. no. 78.]  The Motion to Dismiss was originally set for hearing on July 23, 2014, but this Court granted Defendants' request to continue the hearing to October 19, 2012.  [Entering Order, filed 7/10/12 (dkt. no. 79).]  Defendants filed their reply in support of the Motion to Dismiss on July 23, 2012.  [Dkt. no. 81.]

On October 15, 2012, this Court issued an entering order ("EO") noting that the Ninth Circuit heard oral argument that day on Defendants' appeal from the Preliminary Injunction Order and, "[o]ne of the issues before the Ninth Circuit is whether there is federal jurisdiction over Plaintiffs' due process claim."  [Dkt. no. 87.]  This Court therefore vacated the October 19, 2012 hearing on the Motion to Dismiss because "[t]he Ninth Circuit's ruling on this issue is relevant to the issues before the Court in the Motion [to Dismiss]."  [Id.]

By December 12, 2012, the appeal was still pending because the Ninth Circuit referred the parties to mediation, and the mediation was not complete. This Court therefore issued an EO deeming the Motion to Dismiss withdrawn without prejudice. This Court expressly stated: "Defendants may re-file the Motion [to Dismiss] with a one-page notice after the filing of the status report regarding the completion of the parties' mediation. The Court will thereafter issue a schedule for further briefing and/or hearing, if necessary." [Dkt. no. 93 ("12/12/12 EO").]

During the pendency of the appeal, the parties continued to litigate this case. On February 24, 2014, the Ninth Circuit filed its memorandum disposition affirming the Preliminary Injunction Order. No. 12-15624, 2014 WL 689748 (9th Cir. Feb. 24, 2014).

On February 25, 2014, instead of re-filing the Motion to Dismiss, Defendants filed their Answer and Defenses to Amended Complaint for Declaratory and Injunctive Relief and Damages ("Answer"), which included a Counterclaim.[6] [Dkt. no. 175.] The Counterclaim asserts the following claims: a breach of contract claim by the Trustee Defendants against Drs. Lederer, Brown, DeMare, Huynh, and Pang ("Counterclaim Count I"); and a claim by Queen's alleging unfair competition, in violation of Haw. Rev.

---

[6] All citations to the Counterclaim refer to dkt. no. 175-1, as opposed to dkt. no. 175, which is the Answer as a whole.

Stat. § 480-2, against all Plaintiffs except Dr. Bieniek[7] ("Counterclaim Count II").

Counterclaim Count I alleges that, by bringing the instant action, Drs. Lederer, Brown, DeMare, Huynh, and Pang each violated his contract with Queen's in which he agreed to be bound by the Bylaws of the Medical Staff ("Bylaws"). The Bylaws include a release and immunity from suit provision, which also includes an agreement not to sue. The Trustee Defendants assert that they were intended beneficiaries of these contracts. [Counterclaim at ¶¶ 1-4.]

Counterclaim Count II asserts that the PRO Member Physicians make up PRO Associates, which owns one-third of The Cancer Center of Hawaii, LLC ("CCH"). CCH owns and operates two out-patient radiation oncology facilities that compete with Queen's. [Id. at ¶¶ 8-10.] The crux of Counterclaim Count II is that the PRO Member Physicians improperly used their clinical privileges at Queen's, and all the benefits and information associated therewith, to divert patients from Queen's to CCH-operated facilities. Counterclaim Count II alleges that this constituted a diversion of Queen's resources for the PRO Member

---

[7] The Counterclaim asserts that Drs. Lederer, Brown, DeMare, Huynh, and Pang are members of PRO LLC ("the PRO Member Physicians"). [Counterclaim at ¶ 7.] Dr. Bieniek is not a member of PRO LLC.

6

Physicians' economic gain.  This caused a detriment to Queen's economic interests and violated § 480-2.  [Id. at ¶¶ 12-15.]

The Counterclaim seeks the following relief: a declaratory judgment that the PRO Member Physicians breached their contracts with Queen's and that the Trustee Defendants are intended beneficiaries of those contracts; an award of damages that resulted from the breach; treble damages and attorneys' fees pursuant to Haw. Rev. Stat. §§ 480-2, 480-13; attorneys' fees and costs available to Defendants under any other law; and any other appropriate relief.  [Id. at pgs. 7-8.]

In the instant Motion, Plaintiffs ask this Court to dismiss the Counterclaim because it was untimely.  In the alternative, Plaintiffs ask this Court to dismiss Counterclaim Count I, pursuant to Fed. R. Civ. P. 12(b)(6), because it "fail[s] to state a claim upon which relief can be granted."

## DISCUSSION

### I. Consideration of Exhibits

Both parties submitted exhibits in connection with the instant Motion.  "[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint."  See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  "[A] court may consider evidence on which the 'complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's

7

claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.'" Id. (some citations and internal quotation marks omitted) (quoting Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006)). If the exhibits do not meet these requirements, consideration of the exhibits requires the district court to convert the motion to dismiss to a motion for summary judgment. Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011) (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998)).[8]

Plaintiffs submitted an excerpt of the Bylaws.[9] [Motion, Decl. of Mark S. Davis ("Davis Decl."), Exh. G.] This Court finds that Exhibit G meets all of the requirements stated in Daniels-Hall, and this Court may consider Exhibit G without converting the instant Motion into a motion for summary judgment.

The majority of Plaintiffs' exhibits consist of a letter and excerpts of various deposition transcripts showing that Plaintiffs' counsel argued to Defendants' counsel that taking those depositions was premature. [Davis Decl., Exhs. A-D, H, I.] Plaintiffs' other exhibits are a July 9, 2012 letter to

---

[8] Parrino was superceded by statute on other grounds, as stated in Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681-82 (9th Cir. 2006).

[9] This Court notes that Plaintiffs attached a complete copy of the Bylaws to the motion for TRO/preliminary injunction that they filed with the Complaint. [Dkt. no. 1-4.]

8

this Court from Defendants' counsel requesting a continuance of the hearing on the Motion to Dismiss and Defendants' Ninth Circuit Mediation Questionnaire. [Id., Exhs. E, F.] In addition, Plaintiffs submitted e-mail correspondence which they argue shows that Defendants were aware of the alleged basis for the Counterclaim even before Plaintiffs filed this action. [Reply, Decl. of Mark S. Davis, Exh. J.]

Defendants also submitted excerpts of various deposition transcripts. [Mem. in Opp., Decl. of William S. Hunt, Exhs. A-1 to A-3, B-1 to B-3.] This Court finds that all of Plaintiffs' exhibits, except for Exhibit G, and all of Defendants' exhibits do not meet the requirements stated in Daniels-Hall. Further, based on this Court's analysis of Plaintiffs' arguments in the Motion, this Court finds that it is not necessary to consider the parties' exhibits (with the exception of Plaintiffs' Exhibit G). This Court therefore declines to convert the instant Motion to a motion for summary judgment, and this Court will not consider the parties exhibits, except for Plaintiffs' Exhibit G.

This Court now turns to the merits of Plaintiffs' Motion.

## II. **Plaintiffs' Arguments Related to Timeliness**

Plaintiffs first argue that this Court should dismiss the Counterclaim in its entirety because it is untimely.

Plaintiffs argue that Defendants failed to file the Counterclaim by the deadline to add parties and amend pleadings. [Rule 16 Scheduling Order, filed 3/5/12 (dkt. no. 55), at 2 ("All motions to join additional parties or to amend the pleadings shall be filed by October 5, 2012."); Minutes, filed 3/11/13 (dkt. no. 98),[10] at 1 (re-setting deadline to June 14, 2013).] In addition, Plaintiffs argue that, once this Court issued the 12/12/12 EO deeming the Motion to Dismiss withdrawn without prejudice, Defendants had fourteen days to respond to the Amended Complaint pursuant to Fed. R. Civ. P. 12(a)(4)(A). Rule 12(a)(4) states, in pertinent part:

> Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
>
> > (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action[.]

This Court's 12/12/12 EO, however, neither denied Defendants' Motion to Dismiss nor deferred ruling on the Motion to Dismiss until trial. This Court expressly gave Defendants leave to re-file the Motion to Dismiss with a one-page notice after the completion of the Ninth Circuit mediation. Thus, the 12/12/12 EO did not trigger Defendants' duty under Rule 12(a)(4)(A) to answer the Amended Complaint, and Defendants did

---

[10] There does not appear to be an amended scheduling order memorializing the dates issued in the March 11, 2013 Minutes.

not have to file their Answer and Counterclaim until this Court ruled on the renewed Motion to Dismiss. While Plaintiffs' frustration regarding the timing of Defendants' filing of the Counterclaim is most understandable, Defendants did not violate either the scheduling orders or Rule 12(a)(4)(A) when they filed the Counterclaim because they had not yet filed an Answer.

Plaintiffs also argue that this Court should dismiss the Counterclaim based on laches. In the context of Title VII actions, this Court has recognized the following principles:

> The Ninth Circuit recognizes "laches or an unreasonable delay prejudicing the defendant . . . as a defense to a Title VII action brought by the EEOC." Boone v. Mech. Specialties Co., 609 F.2d 956, 959 (9th Cir. 1979); see also Gifford [v. Atchison, Topeka & Santa Fe Ry. Co.], 685 F.2d [1149,] 1152 [(9th Cir. 1982)] ("This court has affirmed the dismissal on the ground of laches of both private Title VII suits . . . and suits brought by the EEOC."). A claim is barred by laches upon a finding that (1) the plaintiff's delay was unexcused or unreasonable, and (2) the delay caused prejudice to the defendant. See Boone, 609 F.2d at 958.

EEOC v. Global Horizons, Inc., Civil No. 11-00257 LEK, 2014 WL 800597, at *5 (D. Hawai`i Feb. 28, 2014) (alterations in Global Horizons) (some citations omitted). Further, in considering a laches defense to a Lanham Act claim, the Ninth Circuit has stated: "If a Lanham Act claim is filed within the analogous state limitations period, the strong presumption is that laches is inapplicable; if the claim is filed after the analogous limitations period has expired, the presumption is that laches is

11

a bar to suit." Au-Tomotive Gold Inc. v. Volkswagen of Am., Inc., 603 F.3d 1133, 1139-40 (9th Cir. 2010) (citation and internal quotation marks omitted).

> Haw. Rev. Stat. § 657-1 states, in pertinent part:
>
> The following actions shall be commenced within six years next after the cause of action accrued, and not after:
>
> > (1) Actions for the recovery of any debt founded upon any contract, obligation, or liability, excepting such as are brought upon the judgment or decree of a court; excepting further that actions for the recovery of any debt founded upon any contract, obligation, or liability made pursuant to chapter 577A shall be governed by chapter 577A[.]

Pursuant to Haw. Rev. Stat. § 480-24(a), a four-year statute of limitations applies to claims arising under Haw. Rev. Stat. Chapter 480. Thus, insofar as Defendants brought both Counterclaim Count I and Counterclaim Count II within the limitations period applicable to each claim, there is a presumption that laches does not apply. This Court finds that Plaintiffs have not rebutted this presumption because the alleged prejudice to Plaintiffs can be ameliorated by adjusting the scheduling deadlines to allow Plaintiffs sufficient time to defend against the Counterclaim.

This Court therefore DENIES Plaintiffs' Motion as to the arguments regarding the timing of the Counterclaim.

## III. **Whether the Counterclaim States a Claim**

### A. **Counterclaim Count I**

Plaintiffs argue that Counterclaim Count I fails as a matter of law because it is actually a defense, not an affirmative claim for relief. Plaintiffs assert that it is the same as Defendants' Seventh Defense in the Answer.[11] Plaintiffs contend that the immunity defense must be rejected pursuant to the law of the case. They argue that this Court and the Ninth Circuit have already rejected it. Further, even if this Court finds that Counterclaim Count I is not a defense, Plaintiffs argue that it fails because it misapplies § 12.3-1 of the Bylaws. Plaintiffs also argue that this claim is preempted by the Health Care Quality Improvement Act ("HCQIA"), 42 U.S.C. § 11101, *et seq.*

Section 12.3-1 states:

Immunity:

To the fullest extent permitted by law, the individual **releases from any and all liability,**

---

[11] Defendants' Seventh Defense alleges:

> The individual physician Plaintiffs have all agreed to release each of the Defendants from any and all liability, extend absolute immunity to, and agreed not to sue any of the Defendants for any matter relating to their appointment, reappointment, clinical privileges, credentialing or qualification for the same and are therefore barred from bringing this action.

[Answer at ¶ 25.]

13

> **extends absolute immunity** to, and **agrees not to sue** the Medical Center or the Board, any member of the Medical Staff or the Board, their authorized representatives, and third parties who provide information for any matter relating to appointment, reappointment, clinical privileges, or the individual's qualifications for the same. This immunity covers any actions, recommendations, reports, statements, communications, and/or disclosures involving the individual that are made, taken, or received by the Medical Center, its authorized agents, or third parties in the course of credentialing and peer review activities.

[Davis Decl., Exh. G (emphases added).] This Court agrees with Defendants that, based on its terms, § 12.3-1 can support both a defense of release and immunity, as well as an affirmative breach of contract claim based on the covenant not to sue.

This Court also rejects Plaintiffs' argument that any defense or claim based on § 12.3-1 fails under the law of the case doctrine. "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." United States v. Jingles, 702 F.3d 494, 499 (9th Cir. 2012) (citation omitted), *cert. denied*, 133 S. Ct. 1650 (2013). This Court did not making any rulings in the TRO Order or the Preliminary Injunction Order about § 12.3-1 or about any immunity claim or defense,[12] nor did the Ninth Circuit address these issues in its

---

[12] In the TRO Order, this Court did note that, in arguing that Plaintiffs were not likely to succeed on the merits, Defendants pointed out that, "when Plaintiffs applied for
(continued...)

14

memorandum disposition affirming the Preliminary Injunction Order. Further, even if this Court or the Ninth Circuit had made a ruling regarding § 12.3-1 or any immunity claim/defense, it would not be binding in subsequent proceedings addressing the merits of this case.

> "In deciding a motion for preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson, 799 F.2d 547, 551 (9th Cir. 1986) (citing Dymo Indus., Inc. v. Tape[printer], Inc., 326 F.2d 141, 143 (9th Cir. 1964)). Correspondingly, the court's factual findings and legal conclusions when evaluating the merits of a preliminary injunction motion "are not binding at trial on the merits." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981).

Purdum v. Wolfe, No. C-13-04816 DMR, 2014 WL 171546, at *4 (N.D. Cal. Jan. 15, 2014). This Court therefore must reject Plaintiffs' law of the case argument.

This Court also concludes that it cannot rule upon Plaintiffs' other arguments challenging Counterclaim Count I because those arguments require this Court to consider evidence beyond the allegations in the pleadings and beyond the text of

---

¹²(...continued)
appointment and reappointment to Queen's medical staff, they agreed to extend absolute immunity to Queen's and its Board for any actions relating to hospital privileges. Defendants contend that filing the Complaint violated that agreement, and that the case should be dismissed." 2012 WL 381209, at *4. This Court, however, did not rely on Defendants' immunity argument in the analysis of Plaintiffs' likelihood of success on the merits. See id. at *8.

Exhibit G.  See Daniels-Hall, 629 F.3d at 998.  For example, in their preemption argument, Plaintiffs state "HCQIA grants immunity to people who provide information as part of a peer review and credentialing process but certainly does not provide immunity to an institution that ignores its owns [sic] bylaws." [Mem. in Supp. of Motion at 22 (citing 42 U.S.C. § 11112).] Plaintiffs apparently argue that: immunity should only be available to the Trustee Defendants if immunity is consistent with HCQIA; and the Trustee Defendants are not entitled to immunity under HCQIA because Defendants breached the Bylaws. Thus, ruling on Plaintiffs' HCQIA argument will require this Court to determine whether Defendants breached the Bylaws.  Such arguments are not appropriate in the limited scope of a motion to dismiss; Plaintiffs should raise these arguments in a motion for summary judgment.

This Court therefore finds that Counterclaim Count I "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570, 127 S. Ct. 1955 (2007)).  This Court DENIES Plaintiffs' Motion as to Counterclaim Count I.

### B. Counterclaim Count II

Plaintiffs' Motion does not argue that Counterclaim Count II fails to state a claim upon which relief can be granted. This Court therefore construes the Motion as raising only timeliness challenges to Counterclaim Count II. Insofar as this Court has rejected all of Plaintiffs' timeliness challenges, this Court DENIES Plaintiffs' Motion as to Counterclaim Count I.

### IV. Scheduling

As noted at the hearing, the deadline for filing substantive motions has expired. [Minutes, filed 3/11/13 (dkt. no. 98), at 1 (noting that the dispositive motions deadline was August 14, 2013); Amended Rule 16 Scheduling Order, filed 2/12/14 (dkt. no. 163), at 4 (noting that the dispositive motions deadline was closed).] Because Defendants' Counterclaim was filed on February 25, 2014, [dkt. no. 175] which was after this deadline, the Court will permit Plaintiffs to file a substantive motion regarding the Counterclaim by **July 28, 2014** and has reserved the hearing date of **September 15, 2014 at 9:45 a.m.** for this motion. At the risk of stating the obvious, no other substantive motions shall be filed without prior leave of court. Further, given the timing of the Counterclaim's filing due to the appeal taken and the filing and withdrawal of the Motion to Dismiss, the Court informs the parties that it may consider severing or bifurcating the trial on the Counterclaim from the

17

trial on Plaintiffs' claims, which is scheduled to commence on December 2, 2014.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion to Dismiss Defendants' Counterclaim, filed March 18, 2014, is HEREBY DENIED.  An amended scheduling order regarding the deadlines for Plaintiffs' substantive motion as to the Counterclaim only shall be filed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 30, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PACIFIC RADIATION ONCOLOGY, LLC, ET AL. VS. QUEEN'S MEDICAL CENTER, ET AL; CIVIL NO. 12-00064 LEK-KSC; ORDER DENYING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**