IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC RADIATION ONCOLOGY, LLC, a Hawai`i Limited Liability Corporation, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE QUEEN'S MEDICAL CENTER, a Hawai`i Non-Profit Corporation, et al., <br><br> Defendants. | CIVIL NO. 12-00064 LEK-KSC |

**ORDER DENYING DEFENDANTS' WRITTEN STATEMENT OF APPEAL
FROM MAGISTRATE JUDGE'S ORDER DENYING DEFENDANTS'
<u>MOTION FOR LEAVE TO FILE DISPOSITIVE MOTIONS</u>**

On June 25, 2014, Defendants/Counter Claimants Queen's Medical Center, a Hawai`i Non-Profit Corporation, Queen's Development Corp., a Hawai`i for Profit Corporation, Noreen D.S.W. Mokuau, William G. Obana, M.D., Arthur A. Ushijima, Mark H. Yamakawa, Paula Yoshioka, Sharlene K. Tsuda, Richard C. Keene, Clinton Yee, Naleen N. Andrade, M.D., Ernest H. Fukeda, Jr., Robb Ohtani, M.D., Neil J. Hannahs, Christine M. Gayagas, Peter K. Hanashiro, Robert K. Nobriga, Eric K. Yeaman, Julia C. Wo, Caroline Ward Oda, Peter Halford, M.D., Barry Weinman, each individually and in his or her capacity as Officer and Trustee of Queen's Medical Center (collectively "Defendants"), filed their Written Statement of Appeal from Magistrate Judge's Order Denying Defendants' Motion

for Leave to File Dispositive Motions ("Appeal").  [Dkt. no. 220.]  Plaintiffs/Counterclaim Defendants Pacific Radiation Oncology, LLC, a Hawai`i Limited Liability Corporation, PRO Associates, LLC, a Hawai`i Limited Liability Corporation, John Lederer, M.D., Laeton Pang, M.D., Eva Bieniek, M.D., Vincent Brown, M.D., Paul DeMare, M.D., and Thanh Huynh, M.D. (collectively "Plaintiffs"), filed their memorandum in opposition on July 14, 2014, and Defendants filed their reply on July 31, 2014.  [Dkt. nos. 237, 265.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  The Court issued its summary ruling denying the Appeal on August 1, 2014.  [Dkt. no. 269.]  The instant order is this Court's decision on the Appeal, and this order supersedes the August 1, 2014 summary ruling.

After careful consideration of the Appeal, supporting and opposing memoranda, and the relevant legal authority, Defendants' Appeal is HEREBY DENIED.

**BACKGROUND**

The factual and procedural background relevant to the Appeal is set forth in this Court's May 30, 2014 Order Denying Plaintiffs' Motion to Dismiss Defendants' Counterclaim ("5/30/14

Order"),[1] and this Court adopts and incorporates by reference the background section of the 5/30/14 Order. [Dkt. no. 198.[2]] In the 5/30/14 Order, this Court noted that the dispositive motions deadline had expired, and extended the deadline only to the extent that the Court granted Plaintiffs leave to file a substantive motion regarding Defendants' Counterclaim. 2014 WL 2450815, at *7. This Court stated that "no other substantive motions shall be filed without prior leave of court." Id.

On June 12, 2014, Defendants filed their Motion for Leave to File Dispositive Motions ("Rule 16 Motion"), seeking an amendment to the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4).[3] [Dkt. no. 203.] On June 13, 2014, the magistrate judge issued an entering order denying the Rule 16 Motion ("6/13/14 EO"). [Dkt. no. 205.] In the 6/13/14 EO, the

---

[1] Plaintiffs filed their Amended Complaint for Declaratory and Injunctive Relief and Damages ("Amended Complaint") on February 23, 2012. [Dkt. no. 44.] Defendants filed the Counterclaim as part of their answer to the Amended Complaint on February 25, 2014. [Dkt. no. 175.] Plaintiffs filed their Motion to Dismiss Defendants' Counterclaim ("Motion to Dismiss") on March 18, 2014. [Dkt. no. 185.]

[2] The 5/30/14 Order is also available at 2014 WL 2450815.

[3] The deadline to file dispositive motions was August 14, 2013. [Minutes of Status Conference Re: Trial Date and Other Deadlines, filed 3/11/13 (dkt. no. 98), at 1.] The subsequent scheduling orders did not extend the dispositive motions deadline. [Second Amended Rule 16 Scheduling Order, filed 9/25/13 (dkt. no. 124), at 2; Amended Rule 16 Scheduling Order, filed 9/27/13 (dkt. no. 129), at 2; Amended Rule 16 Scheduling Order, filed 10/1/13 (dkt. no. 132), at 2; Amended Rule 16 Scheduling Order, filed 2/12/14 (dkt. no. 163), at 4.]

magistrate judge: 1) noted that the mere fact that further dispositive motions may narrow the issues for trial was not a sufficient basis to amend the scheduling order; 2) found that Defendants had not been diligent in filing their dispositive motions as to Plaintiffs' claims, or at least in requesting an extension of the dispositive motions deadline; and 3) found that Defendants would not be prejudiced if he denied the Rule 16 Motion.  The instant Appeal followed.

### **STANDARD**

The following standards apply to the review of appeals of a magistrate judge's pretrial order.

> Any party may appeal a magistrate judge's nondispositive pretrial order.  D. Haw. L. Civ. R. 74.1. . . .
>
> The district judge shall consider the appeal and shall not set aside any portion of the magistrate judge's order unless it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Haw. L. Civ. R. 74.1; McKeever v. Block, 932 F.2d 795, 799 (9th Cir. 1991).  The district judge may also reconsider sua sponte any matter determined by a magistrate judge.  See D. Haw. L. Civ. R. 74.1.
>
> **A.    Clearly Erroneous**
>
> The clearly erroneous standard applies to factual findings.  United States v. McConney, 728 F.2d 1195, 1200 (9th Cir. 1984) (overruled on other grounds); Tierney v. Torikawa, 2012 WL 2359960 *1 (D. Haw. 2012) (internal quotation omitted).  After reviewing the entire record, the district judge must accept the magistrate judge's ruling unless the district judge is "left with a definite and firm conviction that a mistake has been committed."  Burdick v. Comm'r Internal

4

Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992). This standard is "significantly deferential" to the magistrate judge's judgment. See Hernandez v. Tanninen, 604 F.3d 1095, 1100 (9th Cir. 2010) (internal citation omitted).

**B. Contrary to Law**

The contrary to law standard applies to legal conclusions and allows for de novo review. McConney, 728 F.2d at 1200; see also Schwarzer et al., Fed. Civ. P. Before Trial § 16:278 (2013). A decision is contrary to law if it applies the wrong legal standard or neglects to consider all elements of the applicable standard. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989); Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008).

Pauline v. Espinda, No. CIV. 13-00612 HG-RLP, 2014 WL 1370329, at *2-3 (D. Hawai`i Apr. 7, 2014).

**DISCUSSION**

**I.  Effect of the 5/30/14 Order**

Defendants first argue that the magistrate judge erroneously concluded that the 5/30/14 Order precludes Defendants from filing further substantive motions.  Defendants argue that several statements this Court made during the hearing on the Motion to Dismiss clearly indicated that this Court contemplated that Defendants would file further dispositive motions.  [Appeal at 4, 6-7, 13-14 (quoting 5/19/14 Hrg. Trans., filed 7/9/14 (dkt. no. 232), at 3-5).]  Defendants also emphasize that nothing in the 5/30/14 Order prohibits Defendants from filing further substantive motions.

5

The 5/30/14 Order is this Court's final ruling on the Motion to Dismiss. The order expressly states that, except for Plaintiffs' dispositive motion regarding the Counterclaim, all other substantive motions require leave of court. 5/30/14 Order, 2014 WL 2450815, at *7. Although this Court made statements during the hearing on the Motion to Dismiss which indicated that the Court was considering extending the dispositive motions deadline as to all parties, the 5/30/14 Order supersedes this Court's statements during the hearing. The 5/30/14 Order could have amended the scheduling order to allow both Plaintiffs and Defendants to file dispositive motions without leave of court. However, this Court, in its discretion, decided not to do so.

Defendants are correct that the 5/30/14 Order does not **prohibit** the filing of other dispositive motions. The 5/30/14 Order allows for the filing of other dispositive motions with leave of court, *i.e.*, with a modification of the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4).[4] The magistrate judge applied that standard in the 6/13/14 EO. Thus, to the extent that Defendants' Appeal argues that the magistrate judge's reading of the 5/30/14 Order was clearly erroneous, Defendants' Appeal is DENIED.

---

[4] Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent."

**II. Good Cause**

Defendants also argue that they established good cause to amend the scheduling order and extend the dispositive motions deadline. This district court has recognized that:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson [v. Mammoth Recreations, Inc.], 975 F.2d [604,] 609 [(9th Cir. 1992)]. In other words, this court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. . . . Although the existence or degree of prejudice to the party opposing the modification might supply an additional reason to deny a motion to modify a scheduling order, the focus of the inquiry is on the moving party's reasons for seeking modification. Id. "If that party was not diligent, the inquiry should end." Id. Accord In re W. States Wholesale Nat'l Gas Antitrust Litigation, 715 F.3d 716, 737 (9th Cir. 2013).

Ichimura v. Deutsche Bank Nat'l Trust Co., Civil. No. 11-00318 SOM/RLP, 2013 WL 4657598, at *3 (D. Hawai`i Aug. 29, 2013).

In the 6/13/14 EO, the magistrate judge found that Defendants had not been diligent, based on the following:

> Unlike Plaintiffs, who have only known of the Counterclaim since February 2014, Defendants have been on notice of Plaintiffs' claims arguably since February 2012. The Court recognizes that a number of events have occurred in this case which disrupted normal progression, but the fact remains that Defendants had more than sufficient time to seek summary judgment, or at minimum, seek an extension of the dispositive motions deadline. Indeed, nearly four months have passed since the issuance of the Ninth Circuit Memorandum. Defendants argue in part that they understood that no dispositive motions would be considered pending the appeal, even if timely filed. However, they have not adequately explained the lengthy delay in

> filing the instant Motion. The recently adjudicated motion to dismiss pertained to the Counterclaim, so its pendency and disposition did not restrict Defendants' ability to seek leave to file a dispositive motion as to the Amended Complaint. . . .

This Court agrees with these findings and with the magistrate judge's ultimate finding that Defendants were not diligent as to the filing of dispositive motions. The magistrate judge's finding was not clearly erroneous. To the extent that the Appeal challenges the magistrate judge's finding regarding lack of diligence, the Appeal is DENIED.

**III. Prejudice**

In the 6/13/14 EO, the magistrate judge found that "Defendants will not be unduly prejudiced if they are not permitted to file dispositive motions at this late date, as neither side is authorized to file dispositive motions concerning the claims in the Amended Complaint." Defendants argue that the magistrate judge's ruling was clearly erroneous. Defendants assert that they would be prejudiced, and Plaintiffs would not be prejudiced, if this Court prohibits them from filing a summary judgment motion. Insofar as the focus of the Rule 16(b)(4) good cause inquiry is on Defendants' diligence, see Ichimura, 2013 WL 4657598, at *3, and this Court has found that Defendants have not been diligent as to the filing of dispositive motions, this Court does not reach the issue of prejudice. To the extent that the Appeal challenges the magistrate judge's finding regarding lack

8

of prejudice, the Appeal is DENIED.

## CONCLUSION

On the basis of the foregoing, Defendants' Written Statement of Appeal from Magistrate Judge's Order Denying Defendants' Motion for Leave to File Dispositive Motions, filed June 25, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 7, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PACIFIC RADIATION ONCOLOGY, LLC VS. THE QUEEN'S MEDICAL CENTER, ET AL; CIVIL 12-00064 LEK-KSC; ORDER DENYING DEFENDANTS' WRITTEN STATEMENT OF APPEAL FROM MAGISTRATE JUDGE'S ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE DISPOSITIVE MOTIONS**