IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC RADIATION ONCOLOGY, LLC, a Hawai`i Limited Liability Corporation, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE QUEEN'S MEDICAL CENTER, a Hawai`i Non-Profit Corporation, et al., <br><br> Defendants. | CIVIL NO. 12-00064 LEK-KSC |

**ORDER GRANTING MOTION TO INTERVENE BY 14 PATIENTS
ON THEIR OWN BEHALF AND ALTERNATIVELY AS CLASS REPRESENTATIVES
FOR THE LIMITED PURPOSE OF FILING THE ATTACHED BRIEF
ON THE ISSUE OF THE APPEAL FROM THE MAGISTRATE JUDGE'S
<u>ORDER REGARDING THE DISCLOSURE OF CONFIDENTIAL MEDICAL RECORDS</u>**

Before the Court is the Motion to Intervene by 14 Patients on Their Own Behalf and Alternatively as Class Representatives for the Limited Purpose of Filing the Attached Brief on the Issue of the Appeal from the Magistrate Judge's Order Regarding the Disclosure of Confidential Medical Records ("Motion to Intervene"), filed on November 6, 2014. [Dkt. no. 403.] On November 20, 2014, Defendants/Counter Claimants Queen's Medical Center, a Hawai`i Non-Profit Corporation ("Queen's"), Queen's Development Corp., a Hawai`i for Profit Corporation, Noreen D.S.W. Mokuau, William G. Obana, M.D., Arthur A. Ushijima, Mark H. Yamakawa, Paula Yoshioka, Sharlene K. Tsuda,

Richard C. Keene, Clinton Yee, Naleen N. Andrade, M.D., Ernest H. Fukeda, Jr., Robb Ohtani, M.D., Neil J. Hannahs, Christine M. Gayagas, Peter K. Hanashiro, Robert K. Nobriga, Eric K. Yeaman, Julia C. Wo, Caroline Ward Oda, Peter Halford, M.D., Barry Weinman, each individually and in his or her capacity as Officer and Trustee of Queen's Medical Center (all collectively "Defendants") filed their memorandum in opposition; and Plaintiffs/Counterclaim Defendants Pacific Radiation Oncology, LLC, a Hawai`i Limited Liability Corporation, PRO Associates, LLC, a Hawai`i Limited Liability Corporation, John Lederer, M.D., Laeton Pang, M.D., Eva Bieniek, M.D., Vincent Brown, M.D., Paul DeMare, M.D., and Thanh Huynh, M.D. (collectively "Plaintiffs"), filed a memorandum in support of the Motion to Intervene. [Dkt. nos. 425, 426.] The proposed intervenors filed their reply on December 4, 2014. [Dkt. no. 444.]

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motion, supporting and opposing memoranda, and the relevant legal authority, the Motion to Intervene is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

The parties and this Court are familiar with the factual and procedural background of this case, and this Court will only repeat the events that are relevant to the Motion to Intervene.

As noted in this Court's September 18, 2014 Amended Order Granting in Part and Denying in Part Plaintiffs' Motion for Temporary Restraining Order or in the Alternative for Preliminary Injunction ("9/18/14 TRO Order"):

> Randy Talavera, the manager of Queen's radiation therapy department reviewed the records of 133 patients "who had a consultation with a PRO physician but then did show up at [Queen's] again for radiation therapy during the time frame January 2011 through June of 2011." A list of 132 such patients was compiled showing each patient's name, patient number, and the name of his or her physician ("the List"). Defendants' counsel attached the List as an exhibit to: 1) a subpoena to [The Cancer Center of Hawaii's] custodian of records, signed by the Clerk of Court on July 10, 2014 ("the Subpoena"); and 2) Defendants' Second Request for Production of Documents and Things to Plaintiffs Pacific Radiation Oncology, LLC and PRO Associates, LLC, dated July 9, 2013 ("the RPD"). On July 10, 2014, Defendants' counsel publicly filed the complete, unredacted Subpoena with its return of service. Defendants' counsel contacted the magistrate judge through an email on July 12, 2014 and stated that they had inadvertently filed the unredacted List as an exhibit to the Subpoena. Counsel stated that, as soon as possible, Defendants would file an ex parte motion to delete the exhibit from the public record, but counsel asked the magistrate judge if the district court could remove the Subpoena from the publicly available website and allow Defendants to replace the exhibit with a redacted version, pending the filing and ruling on the ex

> parte motion. On July 14, 2014, the Clerk's
> Office restricted access to the Subpoena, and
> Defendants filed their ex parte motion to seal the
> exhibit. The magistrate judge granted the ex
> parte motion on July 15, 2014.

2014 WL 4682688, at *4 (some alterations in original) (footnotes and citations omitted).

In the 9/18/14 TRO Order, this Court ruled that it could not address Plaintiffs' argument that the review and compilation of patient records and the disclosure of the List were improper in the context of a TRO because the Amended Complaint for Declaratory and Injunctive Relief and for Damages, [filed 2/23/12 (dkt. no. 44),] does not contain a claim alleging improper review and use of confidential patient information. 2014 WL 4682688, at *6. This Court, however, found that the public disclosure of the List was a violation of the Amended Stipulated Protective Order, [filed 11/8/13 (dkt. no. 134),] and imposed sanctions on Defendants. Id. at *9-10. To the extent that Plaintiffs sought to prevent Defendants from obtaining or using patient information - which Defendants contended was relevant in this case - in a manner that violates the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, *et seq.*, its implementing regulations, and/or the Hawai`i State Constitution, the Court directed the parties to schedule a discovery conference with the magistrate judge to

4

address these issues through the normal discovery process.  2014
WL 4682688, at *11.

The magistrate judge held a status conference on
September 26, 2014, and issued his Order Regarding Discovery
Issues on October 7, 2014 ("10/7/14 Discovery Order").  [Dkt.
nos. 355 (minutes), 363.]  The magistrate judge ruled, *inter
alia*, that the protected health information at issue in this case
"is discoverable if de-identified.  Accordingly, the 132 patient
medical records shall be de-identified.  Upon de-identification,
the medical records will be discoverable and shall be produced."
[10/7/14 Discovery Order at 5.]

On October 17, 2014, Plaintiffs filed a statement of
appeal from the portion of the 10/7/14 Discovery Order "denying
Plaintiffs' motion to enjoin Defendants from making any further
disclosure and use in this litigation of the protected health
information of 133 of Plaintiffs' patients identified by
[Queen's] through a review of its medical records."  [Dkt. no.
380 at 1.]

"John and Mary Does No. 1 through 14" ("the
Patients"),[1] on behalf of "themselves and alternatively on behalf
of the class of 133 patients who are similarly situated," seek to
intervene in this action for the limited purpose of "address[ing]

---

[1] The Patients represent that there are now five more
patients who seek to intervene.  [Reply at 1 n.1, Decl. of Jerry
Hiatt at ¶ 1.]

5

issues of confidentiality pending before the Court" in Plaintiffs' appeal from the 10/7/14 Discovery Order. [Motion to Intervene at 2.] The Patients seek to intervene pursuant to Fed. R. Civ. P. 24(b). [Id.]

**STANDARD**

Rule 24(b) governs permissive intervention, and it states, in pertinent part:

> (1) In General. On timely motion, the court may permit anyone to intervene who:
>
>> (A) is given a conditional right to intervene by a federal statute; or
>>
>> (B) has a claim or defense that shares with the main action a common question of law or fact.

"Generally, permissive intervention under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Blum v. Merrill Lynch Pierce Fenner & Smith Inc., 712 F.3d 1349, 1353 (9th Cir. 2013) (citation and internal quotation marks omitted).

**DISCUSSION**

**I.   Scope of the Order**

Although the Patients seek permissive intervention in the Motion to Intervene, in their reply, they also argue that intervention is warranted pursuant to Rule 24(a) - which governs intervention of right - because Plaintiffs do not adequately

represent the Patients' interests in this matter. [Reply at 4.] Local Rule 7.4 states: "Any argument raised for the first time in the reply shall be disregarded." This Court therefore will not consider the Patients' Rule 24(a) argument, raised for the first time in their reply.

As stated, *supra* note 1, the reply also indicates that, since the filing of the Motion to Intervene, the Patients' counsel has been retained by five other similarly situated persons who wish to intervene. The Court will also consider the Motion to Intervene as to those five persons because it was not possible for the Patients' counsel to seek intervention on their behalf at the time counsel filed the Motion to Intervene. All subsequent references to "the Patients" in this Order refer to all nineteen persons seeking intervention.

This Court now turns to the issue of whether the Patients satisfy the requirements for intervention pursuant to Rule 24(b), as set forth in Blum.

## II. *Blum* Requirements

### A. Independent Ground for Jurisdiction

To the extent that the Patients seek to protect their interests in the personal medical information at issue in this case, their arguments are similar to those raised in the writ of mandamus proceedings before the Hawai`i Supreme Court in Cohan v. Ayabe, 132 Hawai`i 408, 322 P.3d 948 (2014), Naipo v. Border, 125

7

Hawai`i 31, 251 P.3d 594 (2011) (per curiam), and Brende v. Hara, 113 Hawai`i 424, 153 P.3d 1109 (2007) (per curiam). This district court has recognized that "[t]he writ of mandamus no longer exists in federal court procedure." Yellen v. U.S. Postal Serv., Civil No. 12-00519 SOM-KSC, 2012 WL 5386903, at *2 (D. Hawai`i Oct. 31, 2012) (citing Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967); Fed. R. Civ. P. 81(b) ("The writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules.")). However, "courts may issue writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus," pursuant to 28 U.S.C. § 1651. Id. (citing Finley, 377 F.2d at 548).

This Court finds that the resolution of the issues that the Patients raise will aid this Court in the exercise of jurisdiction over Plaintiffs' and Defendants' claims and defenses in this action. This Court therefore finds that there is an independent ground for jurisdiction, pursuant to § 1651, over the issues that the Patients raise in the Motion to Intervene.

**B.   Timeliness of the Patients' Motion**

"Timeliness is determined with reference to three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and

8

(3) the reason for and length of the delay." Peruta v. Cnty. of San Diego, 771 F.3d 570, 572 (9th Cir. 2014) (citations and internal quotation marks omitted).

The Patients acknowledge that they "have no interest in the outcome of the litigation," [Mem. in Supp. of Motion to Intervene at 2,] and they only seek to intervene as to Plaintiffs' appeal of the 10/7/14 Discovery Order. The Patients filed their motion on November 6, 2014, less than a month after Plaintiffs filed their appeal and before the briefing on the appeal was complete. See Minutes, filed 10/22/14 (dkt. no. 385) (issuing briefing deadlines). This Court therefore finds that the first timeliness factor weighs in favor of intervention.

This Court also finds that the second factor weighs in favor of intervention because Defendants, the only party that opposes intervention, has not established that they will be prejudiced if this Court grants the Motion to Intervene.

As to the third factor, the Ninth Circuit has stated that, "[u]nder our longstanding precedent, [a] party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation." Peruta, 771 F.3d at 572 (some alterations in Peruta) (citations and internal quotation marks omitted). It is not clear from the Motion to Intervene when the Patients knew or had reason to know that their interests may be adversely affected

by this litigation.  However, in the 9/18/14 TRO Order, this Court noted that Plaintiffs' counsel contacted persons on the List to inform them about the public disclosure.  See 2014 WL 4682688, at *10.  Thus, by July 2014, the Patients knew or had reason to know that this action may adversely affect their interests.  The Patients filed the Motion to Intervene approximately four months later.  Arguably, the Patients did not move to intervene as soon as they knew or had reason to know that their interests may be effected.  However, the delay was not significant, and the other two timeliness factors weigh strongly in favor of intervention.  This Court therefore finds that the Patients timely filed their Motion to Intervene.

    C.    **Common Questions of Law and Fact**

Defendants have argued that the medical records of the patients on the List are relevant to their defenses to Plaintiffs' claims and to their claims in the Counterclaim, [filed 2/25/14 (dkt. no 175-1)].  Plaintiffs have opposed Defendants' position because, *inter alia*, the patients' rights to the confidentiality of their health information would be violated by allowing Defendants to use the patients' health information in this case.  Plaintiffs' arguments are similar to the arguments that the Patients seek to raise, but the Court recognizes that the Patients have important interests in their health information that are distinct from Plaintiffs' interest.  Cf. 9/18/14 TRO

Order, 2014 WL 4682688, at *6 ("The patients on the List, however, are not parties to this action, nor have any of them come forward to join in Plaintiffs' Motion. This Court notes that, in each of the Hawai`i Supreme Court's mandamus rulings that Plaintiffs cite, it was the patient who was seeking a ruling protecting his or her medical information."). This Court therefore finds that there are common questions of law and fact between the Patients' arguments and the claims and defenses in the main action.

**D. Summary**

This Court has found that the Patients' Motion to Intervene satisfies all of the Blum requirements. This Court therefore FINDS that the Patients' intervention in Plaintiffs' appeal of the 10/7/14 Discovery Order is permissible under Rule 24(b). Further, this Court FINDS that their intervention is appropriate and will assist this Court in resolving the issues in Plaintiffs' appeal.

**CONCLUSION**

On the basis of the foregoing, the Motion to Intervene by 14 Patients on Their Own Behalf and Alternatively as Class Representatives for the Limited Purpose of Filing the Attached Brief on the Issue of the Appeal from the Magistrate Judge's Order Regarding the Disclosure of Confidential Medical Records, filed November 6, 2014, is HEREBY GRANTED as to the fourteen

patients described in the motion and as to the five described in the reply.  This Court ORDERS the Patients to file their memorandum regarding Plaintiffs' October 17, 2014 appeal from the magistrate judge's discovery order, dated October 7, 2014 - in the form attached to the Motion to Intervene - by **January 6, 2015**.

The Court orders Defendants to file a memorandum responding to the Patients' memorandum by **January 16, 2015**.  In particular, Defendants shall address the Patients' argument that de-identification of their medical records is not sufficient to protect their confidential medical information because of the prior disclosure of the List.  Plaintiffs may file an optional response to the Patients' memorandum by **January 16, 2015**, and the Patients may file their optional reply by **January 21, 2015**.  The Court will take Plaintiffs' appeal under advisement thereafter.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 24, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PACIFIC RADIATION ONCOLOGY, LLC, ET AL. VS. THE QUEEN'S MEDICAL CENTER, ET AL.; CIVIL 12-00064 LEK-KSC; ORDER GRANTING MOTION TO INTERVENE BY 14 PATIENTS**