IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC RADIATION ONCOLOGY, LLC, a Hawai`i Limited Liability Corporation, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE QUEEN'S MEDICAL CENTER, a Hawai`i Non-Profit Corporation, et al., <br><br> Defendants. | CIVIL NO. 12-00064 LEK-KSC |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION
OF [DKT 431] ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE COUNTERCLAIM,
OR IN THE ALTERNATIVE, TO SEVER DEFENDANTS'
COUNTERCLAIM [DKT NO. 175-1] FILED FEBRUARY 25, 2014**

On November 30, 2014, this Court issued its Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment on the Counterclaim Filed February 25, 2014 [Dkt. 175-1] ("11/30/14 Summary Judgment Order"). [Dkt. no. 431.[1]] On December 15, 2014, Plaintiffs/Counterclaim Defendants Pacific Radiation Oncology, LLC, a Hawai`i Limited Liability Corporation ("PRO LLC"), PRO Associates, LLC, a Hawai`i Limited Liability Corporation ("PRO Associates"),[2] John Lederer, M.D.,

---

[1] The 11/30/14 Summary Judgment Order is also available at 2014 WL 6749117.

[2] This Court will refer to PRO LLC and PRO Associates
(continued...)

Laeton Pang, M.D., Eva Bieniek, M.D., Vincent Brown, M.D., Paul DeMare, M.D., and Thanh Huynh, M.D. (all collectively "Plaintiffs"),[3] filed a motion seeking reconsideration of the 11/30/14 Summary Judgment Order or, in the alternative, severance of the Counterclaim ("Motion").  Defendants/Counter Claimants Queen's Medical Center, a Hawai`i Non-Profit Corporation ("Queen's" or "QMC"), Queen's Development Corp., a Hawai`i for Profit Corporation ("Queen's Corp."), Noreen D.S.W. Mokuau, William G. Obana, M.D., Arthur A. Ushijima, Mark H. Yamakawa, Paula Yoshioka, Sharlene K. Tsuda, Richard C. Keene, Clinton Yee, Naleen N. Andrade, M.D., Ernest H. Fukeda, Jr., Robb Ohtani, M.D., Neil J. Hannahs, Christine M. Gayagas, Peter K. Hanashiro, Robert K. Nobriga, Eric K. Yeaman, Julia C. Wo, Caroline Ward Oda, Peter Halford, M.D., Barry Weinman, each individually and in his or her capacity as Officer and Trustee of Queen's Medical Center (collectively "Defendants"),[4] filed their memorandum in opposition on December 29, 2014, and Plaintiffs

---

[2](...continued)
collectively as "the LLCs."

[3] This Court will refer to Drs. Lederer, Pang, Bieniek, Brown, DeMare, and Huynh collectively as "the PRO Physicians," and to Drs. Lederer, Pang, Brown, DeMare, and Huynh collectively as "the PRO Member Physicians."  Dr. Bieniek is not a member of PRO LLC, and is not named as a defendant in the Counterclaim. [Counterclaim, filed 2/25/14 (dkt. no 175-1), at ¶ 7.]

[4] The Court will refer to the individual defendants, *i.e.* all defendants except Queen's and Queen's Corp., collectively as "the Trustee Defendants."

2

filed their reply on January 12, 2015. [Dkt. nos. 466, 476.]

The Court has considered the instant Motion as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case, and this Order will only discuss the events that are relevant to the instant Motion.

On February 25, 2014, Defendants filed their Answer and Defenses to Amended Complaint for Declaratory and Injunctive Relief and Damages ("Answer"),[5] which included the Counterclaim. [Dkt. no. 175.] The Counterclaim asserts the following claims: a breach of contract claim by the Trustee Defendants against the PRO Member Physicians ("Counterclaim Count I"); and a claim by Queen's alleging unfair methods of competition ("UMOC"), in violation of Haw. Rev. Stat. § 480-2, against the LLCs and the PRO Member Physicians ("Counterclaim Count II"). On July 28, 2014, Plaintiffs filed their Motion for Summary Judgment

---

[5] Plaintiffs filed their Amended Complaint for Declaratory and Injunctive Relief and for Damages ("Amended Complaint") on February 23, 2012. [Dkt. no. 44.]

3

on the Counterclaim Filed February 25, 2014 [Dkt. 175-1] ("Motion for Summary Judgment").[6]  [Dkt. no. 253.]

In the 11/30/14 Summary Judgment Order, this Court, *inter alia*: granted summary judgment in favor of the PRO Member Physicians as to Counterclaim Count I; granted summary judgment in favor of the LLCs and the PRO Member Physicians as to the portion of Counterclaim Count II based on free-riding; and denied summary judgment to the LLCs and the PRO Member Physicians as to the portion of Counterclaim Count II based on the PRO Member Physicians' self-referral practices ("the Self-Referral Claim").

Plaintiffs now ask this Court to reconsider its ruling as to the Self-Referral Claim.  Plaintiffs also argue that, if this Court denies reconsideration, it should sever Plaintiffs' claims in the Amended Complaint from the Self-Referral Claim.

**STANDARD**

**I. Reconsideration**

This Court has described the standard applicable to a motion for reconsideration as follows:

> A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012).  The Ninth Circuit has held that

---

[6] Plaintiffs filed an errata to the Motion for Summary Judgment on July 29, 2014.  [Dkt. no. 258.]

4

> reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004).

Terry v. Hawaii Air Nat'l Guard, Civil No. 13-00295 LEK-RLP, 2014 WL 5089179, at *1 (D. Hawai`i Oct. 8, 2014) (citation omitted).

## II. **Severance**

Fed. R. Civ. P. 18(a) states: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." However,

> Rule 21 of the Federal Rules of Civil Procedure allows the Court to "sever any claim against any party." Once a claim has been severed under Rule 21, "it proceeds as a discreet unit with its own final judgment, from which an appeal may be taken." 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1689 (3d ed. 2001). A district court has "broad discretion" in determining whether such a severance is appropriate. See In re EMC Corp., 677 F.3d 1351, 1355 (Fed. Cir. 2012); Rice v. Sunrise Express, Inc., 209 F.3d 1009, 1016 (7th Cir. 2000). . . .

Kauhako v. Hawaii Bd. of Educ. Dep't of Educ., Civil No. 13-00567 DKW-BMK, 2014 WL 3845793, at *2 (D. Hawai`i July 11, 2014).

## III. **Bifurcation**

Plaintiffs also bring the instant Motion pursuant to Fed. R. Civ. P. 42(b), which states, in pertinent part: "For convenience, to avoid prejudice, or to expedite and economize,

5

the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

> The decision whether to bifurcate proceedings is within a court's sound discretion. See Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004). Bifurcation, however, is the exception rather than the rule of normal trial procedure; Rule 42(b) allows, but does not require, bifurcation to further convenience or avoid prejudice. See id.; see also Fed. R. Civ. P. 42 advisory committee's note (1966 Amendment) ("[S]eparation of issues for trial is not to be routinely ordered[.]").
>
> "With respect to both discovery and trial," the moving party has the "burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992) (citations omitted); see also Burton v. Mountain W. Farm Bureau Mut. Ins. Co., 214 F.R.D. 598, 612 (D. Mont. 2003).
>
> Factors that courts consider in determining whether bifurcation is appropriate include: (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted.
>
> Dallas v. Goldberg, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001) (citations omitted). Courts also consider the complexity of the issues and possible jury confusion. See IPPV Enters. v. Cable/Home Commc'n Corp., 26 U.S.P.Q.2d 1714, 1715 (S.D. Cal. 1993). "Bifurcation is particularly appropriate when resolution of a single claim or issue could

6

> be dispositive of the entire case." Drennan v.
> Maryland Cas. Co., 366 F. Supp. 2d 1002, 1007 (D.
> Nev. 2005) (citing O'Malley v. United States
> Fidelity and Guaranty Co., 776 F.2d 494, 501 (5th
> Cir. 1985) (bifurcation was proper when resolution
> of breach of insurance contract claim effectively
> disposed of plaintiff's bad faith claim against
> insurance company)). Bifurcation is inappropriate
> where the issues are so intertwined that
> separating them would "tend to create confusion
> and uncertainty." See Miller v. Fairchild Indus.,
> Inc., 885 F.2d 498, 511 (9th Cir. 1989) (citation
> and quotation marks omitted).

Clark v. I.R.S., 772 F. Supp. 2d 1265, 1269 (D. Hawai`i 2009) (alterations in Clark).

## DISCUSSION

### I. Timeliness of the Request for Reconsideration

Defendants urge this Court to strike the portion of Plaintiffs' Motion seeking reconsideration because it is untimely. Pursuant to Local Rule 60.1, a motion for reconsideration based on manifest error of law or fact "must be filed and served not more than fourteen (14) days after the court's written order is filed." Fourteen days after the filing of the 11/30/14 Summary Judgment Order was Sunday, December 14, 2014. Local Rule 6.1 states, in pertinent part:

> Whenever these rules require papers or
> documents to be filed "not more than" or "not less
> than" a designated period after or before a
> specified event, then the "last day of the
> period," for purposes of Rule 6(a) of the Federal
> Rules of Civil Procedure, shall be a business day
> that is "not more than" or "not less than" a
> specified period. A "business day" is a day that
> is not a Saturday, Sunday, legal holiday, or other
> day on which the clerk's office is closed to the

7

> public for in-person business. Because the "last
> day of the period" is always a business day,
> the provision in Rule 6 of the Federal Rules of
> Civil Procedure governing the calculation of
> periods that end on Saturday, Sunday, or a legal
> holiday is inapplicable to time periods set forth
> in these rules as "not more than" or "not less
> than" a designated period after or before a
> specified event. This local rule is applicable to
> papers and documents filed electronically
> and in hard-copy form. For example, if a filing
> is required not less than 14 days before a hearing
> and the fourteenth day before the hearing is a
> Saturday, the filing is due on Friday, 15 days
> before the hearing, assuming that the Friday is a
> business day.

Pursuant to Local Rule 6.1, any motion for reconsideration alleging that the 11/30/14 Summary Judgment Order contains a manifest error of law or fact was due on or before Friday, December 12, 2014.

Plaintiffs filed the instant Motion on Monday, December 15, 2014. Plaintiffs state that they miscalculated the due date, and they request leave of court to file their motion for reconsideration late. [Reply at 16-17.] While this Court has the discretion to grant such an extension, it finds that an extension is not warranted under the circumstances of this case. Plaintiffs' reply in support of the Motion for Summary Judgment was also late because they failed to account for the operation of Local Rule 6.1 when the filing deadline is a Saturday, Sunday, or legal holiday. [Entering Order, filed 9/5/14 (dkt. no 317) ("9/5/14 EO"), at 1.] Although this Court declined to strike Plaintiffs' late reply, it "CAUTION[ED] both parties that any

8

future failure to comply with the applicable court rules and deadlines may result in sanctions, including the striking of untimely filings." [Id. at 2 (emphasis in original).]

Although this Court does not find that Defendants suffered specific prejudice as a result of the filing of the Motion on December 15,[7] it cannot be ignored that: 1) Plaintiffs made the same mistake less than four months before the filing of the instant Motion; and 2) the 9/5/14 EO cited Local Rule 6.1 and expressly cautioned the parties that future late filings may be stricken. Based upon these circumstances, Plaintiffs' request for leave of court to file their motion for reconsideration late is DENIED. Further, the portion of Plaintiffs' Motion seeking reconsideration of the 11/30/14 Summary Judgment Order based on manifest error of law or fact is STRICKEN.

The Court now turns to the merits of Plaintiffs' Motion.

## II. Reconsideration

Motions for reconsideration based on the "[d]iscovery of new material facts not previously available" are not subject to the fourteen-day filing deadline. Plaintiffs argue that testimony from depositions that the parties took after this Court issued the 11/30/14 Summary Judgment Order constitutes newly

---

[7] This Court emphasizes that whether there was any prejudice as a result of the late filing is only one of several relevant factors in the analysis of whether to grant an extension.

discovered evidence that warrants reconsideration of this Court's rulings. Plaintiffs rely on the testimony of Scott Moon, M.D., and Charmaine Hope McKay, the Fed. R. Civ. P. 30(b)(6) representative of The Cancer Center of Hawaii, Inc. ("TCCH"). Plaintiffs argue that both Dr. Moon and Ms. McKay described the following procedures at TCCH facilities:

> [A] patient's first visit at TCCH *never* involves treatment but is only an initial appointment during which forms are signed and treatment is discussed. Scott Moon testified from personal knowledge that after a patient arrives at TCCH, irrespective of whether the first appointment follows a consultation with a Plaintiff doctor at QMC or is the patient's very first time meeting with a radiation oncologist, the patient is provided forms to complete and has the chance to discuss the forms with a radiation oncologist.

[Mem. in Supp. of Motion at 3 (footnote and citation omitted) (emphasis in original).] The forms provided at that first appointment include "the written disclosure of ownership, which also informs patients that they may choose treatment at QMC or Kuakini." [Id. (citation omitted).]

Although Dr. Moon is an employee of Queen's, his testimony about the procedures that TCCH follows during a patient's first visit is based upon his work as a radiation oncologist with PRO LLC and PRO Associates from approximately July 2003 to June 2008. See Defs.' Concise Counterstatement of Facts, filed 8/25/14 (dkt. no. 290), Suppl. Decl. of Scott Moon, M.D., dated 8/25/14, at ¶ 1, Exh. A (Decl. of Scott Moon, M.D.

10

dated 7/24/14) at ¶ 2. Thus, the information about TCCH's procedures should also have been available to the PRO Physicians during the period when Plaintiffs' Motion for Summary Judgment was pending. This Court cannot grant reconsideration based on Dr. Moon's and Ms. McKay's testimony because their testimony is not newly discovered evidence that was unavailable to Plaintiffs when the underlying motion was pending. See Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005) ("reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision" (some citations omitted) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000))).

Further, even if this Court considered Dr. Moon's and Ms. McKay's deposition testimony, it would only prompt this Court to change the wording of the 11/30/14 Summary Judgment Order, not the ultimate ruling. See, e.g., 11/30/14 Summary Judgment Order, 2014 WL 6749117, at *11 ("Even if the patient objected to the PRO Member Physician's ownership interest in the referral facility, the patient is unlikely to refuse the referral at that point because he has already scheduled and arrived at the CCH facility for **treatment**." (emphasis added)). This Court would still find that the PRO Member Physicians' self-referral practices "could possibly be deceptive" and may support a UMOC claim. See id. at

11

*12.

The remainder of Plaintiffs' request for reconsideration is based upon the following arguments: 1) this Court erred by considering inadmissible and unreliable evidence which Defendants submitted in support of the Self-Referral Claim; and 2) the evidence that Defendants submitted was insufficient to raise a genuine issue of material fact for trial as to that claim.  These arguments allege manifest errors of law and fact, and this Court has stricken those portions of the Motion.  Even if this Court did consider those arguments on the merits, Plaintiffs' request for reconsideration would be denied.  These same arguments were considered and rejected in the ruling on the Motion for Summary Judgment.  Plaintiffs' current arguments about the admissibility and sufficiency of the evidence in support of the Self-Referral Claim merely express disagreement with this Court's rulings, and that is not a sufficient ground for reconsideration.  See Barnes v. Sea Hawaii Rafting, LLC, 16 F. Supp. 3d 1171, 1183 (D. Hawai`i 2014) ("Mere disagreement with a previous order is an insufficient basis for reconsideration." (citation omitted)).

Plaintiffs' Motion is therefore DENIED as to their requests for reconsideration of the 11/30/14 Summary Judgment Order that remain after this Court's ruling *supra* Discussion

Section I.[8]

## III. Severance/Bifurcation

Plaintiffs also argue that this Court should sever or bifurcate the Self-Referral Claim from the claims in Plaintiffs' Amended Complaint. Plaintiffs assert that the Self-Referral Claim

> does not arise out of the "same transaction or occurrence" and does not present "common questions of law or fact" vis-à-vis Plaintiffs' claims, which are that QMC ignored the bylaws and engaged in anti-competitive conduct for the purpose of taking over Plaintiffs' business and putting TCCH, QMC's competitor, out of business.

[Mem. in Supp. of Motion at 15 (citation omitted).] Defendants respond that the Self-Referral Claim

> is based upon the same factual underpinnings as QMC's affirmative defenses (the Radiation Therapy task force's finding that Plaintiffs were making patient transfers for no apparent medical reason supported the adoption of the employment model) and Plaintiffs' claims (that they were entitled to a hearing under QMC's Medical Staff Bylaws). Many of the witnesses, testimony, and documentary evidence relating to QMC's counterclaims overlap with Plaintiffs' claims that the employment model was improperly adopted—for example, testimony from QMC administrators and employees regarding patient complaints, awareness of Plaintiffs' improper self-referral practices, inquiry into the extent and economic effect of Plaintiffs' patient transfers and related analysis of patient records.

---

[8] This Court notes that, even if Plaintiffs had filed a timely motion for reconsideration, this Court would still have denied Plaintiffs' request, in its entirety, on the merits.

13

[Mem. in Opp. at 18-19 (footnote and citation omitted).] Defendants' response is well-taken. Plaintiffs' claims and Defendants' Self-Referral Claim have common questions of law and fact, and the evidence on those claims will overlap. Further, the issues presented in those claims are not so complex as to require bifurcation.

Plaintiffs also argue that the evidence presented in support of the Self-Referral Claim will prejudice them in their prosecution of their own claims. Any potential prejudice can be sufficiently addressed through appropriate jury instructions, and thus bifurcation is not necessary.

Finally, Plaintiffs argue that severance is necessary because of the status of discovery regarding the Counterclaim. This Court acknowledges that there are pending discovery disputes related to the Counterclaim. However, any disadvantage has been mitigated because, since the filing of the instant Motion, the trial date in this case was continued from February 10, 2015 to June 23, 2015, and thus there is sufficient time before trial to address the pending discovery disputes. Severance or bifurcation is not necessary because of pending discovery regarding the Counterclaim.

The Court has carefully considered all of the relevant factors - including those not specifically addressed in this section - and it finds that neither severance nor bifurcation is

warranted under the circumstances of this case.  The Court DENIES Plaintiffs' Motion to the extent that it requests severance or bifurcation of the Self-Referral Claim from the claims in the Amended Complaint.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' December 15, 2014 Motion for Reconsideration of [Dkt 431] Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment on the Counterclaim, or in the Alternative, to Sever Defendants' Counterclaim [Dkt No. 175-1] Filed February 25, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 21, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PACIFIC RADIATION ONCOLOGY, LLC, ET AL. VS. THE QUEEN'S MEDICAL CENTER, ET AL; CIVIL 12-00064 LEK-KSC; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF [DKT 431] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE COUNTERCLAIM, OR IN THE ALTERNATIVE, TO SEVER DEFENDANTS' COUNTERCLAIM [DKT NO. 175-1] FILED FEBRUARY 25, 2014**