IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC RADIATION ONCOLOGY, LLC, a Hawai`i Limited Liability Corporation, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE QUEEN'S MEDICAL CENTER, a Hawai`i Non-Profit Corporation, et al., <br><br> Defendants. | CIVIL NO. 12-00064 LEK-KSC |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO STRIKE THE FEBRUARY 19, 2015
SUPPLEMENTAL REPORT OF JONATHAN CUNITZ**

On March 4, 2015, Defendants/Counter Claimants Queen's Medical Center, a Hawai`i Non-Profit Corporation ("QMC") and Queen's Development Corp., a Hawai`i for Profit Corporation ("Queen's Corp."),[1] filed their Motion to Strike the February 19, 2015 Supplemental Report of Jonathan Cunitz ("Motion").[2] [Dkt. no. 530.] Defendants filed exhibits in support of the Motion under seal on March 10, 2015. [Dkt. no. 538.] Plaintiffs/Counterclaim Defendants Pacific Radiation Oncology, LLC, a Hawai`i Limited Liability Corporation ("PRO"), PRO

---

[1] Pursuant to the Stipulation of Partial Dismissal Without Prejudice of Individually Named Defendants, [filed 3/11/15 (dkt. no. 539),] only QMC and Queen's Corp. remain. The Court will refer to those two entities collectively as "Defendants."

[2] Jonathan A. Cunitz, D.B.A., is Plaintiffs' damages expert.

Associates, LLC, a Hawai`i Limited Liability Corporation, John Lederer, M.D., Laeton Pang, M.D., Eva Bieniek, M.D., Vincent Brown, M.D., Paul DeMare, M.D., and Thanh Huynh, M.D.[3] (all collectively "Plaintiffs") filed their memorandum in opposition on March 18, 2015, and Defendants filed their reply on April 1, 2015. [Dkt. nos. 540, 545.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

The factual and procedural background relevant to the instant Motion is set forth in this Court's Order Granting in Part and Denying in Part Defendants' Motion to Exclude the Testimony of Jonathan A. Cunitz ("1/16/15 Order"). [Dkt. no. 479.[4]] In the 1/16/15 Order, this Court concluded that the opinions in Dr. Cunitz's report dated September 10, 2013

---

[3] This Court will refer to Drs. Lederer, Pang, Bieniek, Brown, DeMare, and Huynh collectively as "the PRO Physicians," and to Drs. Lederer, Pang, Brown, DeMare, and Huynh collectively as "the PRO Member Physicians." Dr. Bieniek is not a member of PRO.

[4] The 1/16/15 Order is also available at 2015 WL 225496.

("9/10/13 Cunitz Report") regarding the PRO Physicians' loss of income were inadmissible. 2015 WL 225496, at *8. This Court, however, ruled that Dr. Cunitz could testify "regarding his interpretation of Plaintiffs' **historic** financial documents," if Plaintiffs complied with certain disclosure requirements. Id. (emphasis in original).

On January 30, 2015, Plaintiffs filed a motion seeking reconsideration of the 1/16/15 Order ("Motion for Reconsideration"). [Dkt. no. 491.] This Court denied the Motion for Reconsideration on March 31, 2015. [Dkt. no. 542.]

On February 5, 2015, Plaintiffs filed a notice of their intent to call Dr. Cunitz in the manner permitted in the 1/16/15 Order. [Dkt. no. 505.] On or about February 20, 2015, Plaintiffs' counsel provided Defendants' counsel with a letter dated February 19, 2015 to Mark S. Davis, Esq., from Dr. Cunitz ("Cunitz 2/19/15 Report"). [Motion, Decl. of William S. Hunt at ¶ 4 (date of production); dkt. no. 538-1 (report).] In the instant Motion, Defendants ask this Court to strike the Cunitz 2/19/15 Report on the ground that it does not comply with the limitations imposed in the 1/16/15 Order.

**DISCUSSION**

I. **Compliance with the 1/16/15 Order**

Defendants' primary argument is that this Court should strike the Cunitz 2/19/15 Report because the 1/16/15 Order

3

prohibited him from giving **any** opinions regarding the PRO Physicians' loss of income. Defendants read the 1/16/15 Order to narrowly. This Court expressly allowed Dr. Cunitz to give testimony **and** amend his expert report regarding his interpretation of Plaintiffs' historic financial documents. 1/16/15 Order, 2015 WL 225496, at *8. Having carefully reviewed the Cunitz 2/19/15 Report, this Court FINDS that all of the statements and opinions therein address Plaintiffs' historical financial documents, except for the following portions:

- page 6, the third and fourth sentences of the second paragraph;
- page 6, the first and second sentences of the third paragraph; and
- page 6, all of the last paragraph after the words "December 2013."

The Court GRANTS Defendants' Motion insofar as those portions of the Cunitz 2/19/15 Report are HEREBY STRICKEN because they set forth information that is not apparent from the PRO Physician's historic financial documents. Plaintiffs must establish those facts through the testimony of the PRO Physicians themselves.

**II. Supplemental Disclosure**

In addition, Defendants argue that the Cunitz 2/19/15 Report is improper because, in preparing that report, Dr. Cunitz relied on "approximately 50 pages of materials Plaintiffs never disclosed to Defendants until the same day Plaintiffs produced

that report on February 20, 2015."  [Mem. in Supp. of Motion at 3.]  This Court rejects this argument because the additional sources that Dr. Cunitz considered were not available when he prepared the Cunitz 9/10/13 Report, including more recent financial documents and physician schedules.  <u>See</u> Mem. in Opp. at 7 & n.3 (listing the additional sources).  This Court therefore CONCLUDES that the consideration and disclosure of the additional sources was proper supplementation pursuant to Fed. R. Civ. P. 26(e).[5]

---

[5] Rule 26(e) states, in pertinent part:

> (1)  In General.  A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
>
> > (A)  in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the **additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing**; or
> >
> > (B) as ordered by the court.
>
> (2)  Expert Witness.  For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.  Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

(Emphasis added.)

To the extent that the Motion contends that Defendants did not have the opportunity to depose Dr. Cunitz regarding the additional sources or his current report, [Mem. in Supp. of Motion at 2-3,] this Court notes that Defendants' Motion to Amend the Amended Rule 16 Scheduling Order Filed December 19, 2014 [Doc. No. 458] to Permit Defendants to Rebut Supplemental Opinions of Plaintiffs' Expert ("Scheduling Motion"), filed January 21, 2015, is currently pending before the magistrate judge. [Dkt. no. 484.] The magistrate judge has deferred ruling on the Scheduling Motion until this Court resolves all of the motions addressing the admissibility of Dr. Cunitz's testimony and his two reports. [EO, filed 3/6/15 (dkt. no. 532).] Defendants can address all discovery issues regarding the Cunitz 2/19/15 Report before the magistrate judge, in connection with the Scheduling Motion. This Court therefore DENIES Defendants' Motion as to their Rule 26(e) argument.

## **CONCLUSION**

On the basis of the foregoing, Defendants' Motion to Strike the February 19, 2015 Supplemental Report of Jonathan Cunitz, filed March 4, 2015, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as this Court HEREBY STRIKES the portions of Dr. Cunitz's February 19, 2015 report identified in this Order. The Motion is DENIED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 13, 2015.



       /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PACIFIC RADIATION ONCOLOGY, LLC, ET AL. VS. THE QUEEN'S MEDICAL CENTER, ET AL; CIVIL 12-00064 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE THE FEBRUARY 19, 2015 SUPPLEMENTAL REPORT OF JONATHAN CUNITZ**