IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACIFIC RADIATION ONCOLOGY, LLC, a Hawai`i Limited Liability Corporation, et al., | ) ) ) ) ) | CIVIL NO. 12-00064 LEK-KSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| THE QUEEN'S MEDICAL CENTER, a Hawai`i Non-Profit Corporation, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER REGARDING PLAINTIFFS' APPEAL AND
THE CANCER CENTER OF HAWAII, LLC'S APPEAL FROM
THE MAGISTRATE JUDGE'S DECEMBER 11, 2014 ORDER**

On December 11, 2014, the magistrate judge issued his Order: (1) Granting in Part and Denying in Part Defendants' Motion to Compel Discovery; (2) Denying Defendants' Motion for an Order Compelling Production of Documents by Non-parties Pursuant to Subpoenas; and (3) Granting Defendants' Motion to Amend the Amended Rule 16 Scheduling Order Filed September 15, 2014 ("12/11/14 Discovery Order").  [Dkt. no. 449.]  On December 22, 2014, Plaintiffs/Counterclaim Defendants Pacific Radiation Oncology, LLC, a Hawai`i Limited Liability Corporation ("PRO"), PRO Associates, LLC, a Hawai`i Limited Liability Corporation ("PRO Associates"), John Lederer, M.D., Laeton Pang, M.D., Eva Bieniek, M.D., Vincent Brown, M.D., Paul DeMare, M.D., and

Thanh Huynh, M.D.[1] (all collectively "Plaintiffs"), filed their appeal from the 12/11/14 Discovery Order ("Plaintiffs' Appeal"). [Dkt. no. 460.] On December 24, 2014, Interested Party The Cancer Center of Hawaii, LLC ("TCCH") filed its appeal from the 12/11/14 Discovery Order ("TCCH Appeal"). [Dkt. no. 463.] Only the portion of the 12/11/14 Discovery Order addressing Defendants' Motion to Compel Discovery ("Motion to Compel"), [filed 7/28/14 (dkt. no. 256),] is at issue in Plaintiffs' Appeal and the TCCH Appeal (collectively "the Discovery Appeals").

Defendants/Counter Claimants The Queen's Medical Center, a Hawai`i Non-Profit Corporation ("QMC"), and Queen's Development Corp., a Hawai`i for Profit Corporation ("Queen's Corp.," collectively "Defendants"),[2] filed their redacted memorandum in opposition to Plaintiffs' Appeal on January 5, 2015, and their unredacted memorandum in opposition under seal on January 9, 2015. [Dkt. nos. 470, 475.] On January 7, 2015, Defendants filed their memorandum in opposition to the TCCH Appeal. [Dkt. no. 473.] Plaintiffs and TCCH filed their replies on January 20, 2015 and January 21, 2015, respectively. [Dkt.

---

[1] This Court will refer to Drs. Lederer, Pang, Bieniek, Brown, DeMare, and Huynh collectively as "the PRO Physicians," and to Drs. Lederer, Pang, Brown, DeMare, and Huynh collectively as "the PRO Member Physicians." Dr. Bieniek is not a member of PRO.

[2] Pursuant to the Stipulation of Partial Dismissal Without Prejudice of Individually Named Defendants, [filed 3/11/15 (dkt. no. 539),] only QMC and Queen's Corp. remain.

2

nos. 483, 487.]

The Court has considered the Discovery Appeals as non-hearing motions pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the appeals, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY RESERVES RULING on the Discovery Appeals, to the extent that they address the production of patient records, and DENIES the Discovery Appeals in all other respects.

## **BACKGROUND**

The parties and the Court are familiar with the factual and procedural background of this case, and this Court will only discuss the events that are relevant to the Discovery Appeals.

The disputed portions of the 12/11/14 Discovery Order require Plaintiffs and, where necessary, TCCH,[3] to respond to the following discovery requests:

> 9.  All documents relating to any patient that received medical care at both QMC's radiation therapy department and The Cancer Center of Hawai`i.
>
> 10. All communications amongst Plaintiffs relating to patients that received medical care at both QMC's radiation therapy department and The Cancer Center of Hawai`i.

---

[3] Plaintiffs acknowledge that "PRO Associates is the entity through which Plaintiffs hold a minority membership interest in TCCH." [Pltfs.' Appeal at 11 n.4.]

3

11.  All documents relating to the transfer
        fo any patient from QMC to The Cancer Center of
        Hawai`i.

            . . . .

            15.  All PRO and PRO Associates' tax returns
        from 2008 through the present.

            16.  All PRO and PRO Associates' Statement of
        Income from 2008 through the present.

[Motion to Compel, Decl. of Claire Wong Black, Exh. 14 (Defendant

The Queen's Medical Center's First Request for Production of

Documents and Things to Plaintiffs Pacific Radiation Oncology,

LLC and PRO Associates, LLC, dated 9/26/13) at Exh. A at 2.]

            2.   Identify monthly revenues:

                (a)  billed by Plaintiffs for
                     professional services provided by
                     PRO Physicians and performed at QMC
                     from 2008 to the present;

                (b)  billed Plaintiffs for professional
                     services provided by PRO Physicians
                     and performed at facilities other
                     than QMC from 2008 to the present;

                (c)  billed by Plaintiffs for technical
                     charges and facilities fees from
                     2008 to the present;

                (d)  collected by Plaintiffs for
                     professional services provided by
                     PRO Physicians and performed at QMC
                     from 2008 to the present;

                (e)  collected by Plaintiffs for
                     professional services provided by
                     PRO Physicians and performed at
                     facilities other than QMC from 2008
                     to the present;

>                    (f)    collected by Plaintiffs for
>                           technical services and facilities
>                           fees from 2008 to the present.
>
>             3.    Identify all patients that received
>       medical care at both QMC and The Cancer Center of
>       Hawai`i from 2001 to the present, and describe the
>       procedure(s) performed at each location and the
>       reason for providing care at multiple locations.

[Id., Exh 15 (Defendant The Queen's Medical Center's First Request for Answers to Interrogatories to Plaintiff Pacific Radiation Oncology, LLC, dated 9/26/13) at 8-9.]  QMC proposed the same interrogatories to PRO Associates.[4]  [Id., Exh. 16 (Defendant The Queen's Medical Center's First Request for Answers to Interrogatories to Plaintiff PRO Associates, LLC, dated 9/26/13) at 8-9.]

As to Request for Production of Documents ("RPD") Numbers 9, 10, 11, and Interrogatory Number 3, the magistrate judge denied Defendants' Motion to Compel as to the free-riding allegations in the Counterclaim, filed February 25, 2014.  See Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment on the Counterclaim Filed February 25, 2014 [Dkt. 175-1], filed 11/30/14 (dkt. no. 431) ("11/30/14 Summary Judgment Order"), at 23 (granting Plaintiffs' motion for summary judgment as to the portion of Counterclaim Count II - alleging

---

[4] Insofar as Interrogatory Numbers 2 and 3 are identical for both the discovery request served on PRO and on PRO Associates, any reference to "Interrogatory Number 2" or "Interrogatory Number 3" refers to that interrogatory in both discovery requests.

unfair methods of competition ("UMOC") - based on free-riding).[5]
The magistrate judge granted the Motion to Compel as to RPD
Numbers 9, 10, and 11 and Interrogatory Number 3 and ordered
Plaintiffs to provide "documents and/or complete detailed answers
. . . , to the extent responses are outstanding and to the extent
they relate to Defendants' counterclaim or Plaintiffs' damages"
for "the period 2009 to the present." [12/11/14 Discovery Order
at 9.]

As to RPD Numbers 15 and 16, the magistrate judge
ordered Plaintiffs to produce information in their possession,
custody, or control, and ordered TCCH to make the production
where the information is not in Plaintiffs' possession, custody,
or control. In addition, the magistrate judge ordered PRO
Associates to produce any agreements between TCCH and PRO
Associates that have not been produced yet. As with the previous
group of documents, the scope of production is from 2009 to the
present. [Id. at 9-11.] The magistrate judge also ordered TCCH
to produce unredacted versions of Exhibits 5 and 9 through 12, of
which it had previously produced redacted versions to Defendants.

---

[5] The 11/30/14 Summary Judgment Order is also available at 2014 WL 6749117. In it, this Court also granted Plaintiffs' motion for summary judgment as to the breach of contract claim in Counterclaim Count I, and denied their motion as to the portion of Counterclaim Count II based on the PRO Member Physicians' self-referral practice. Id. at *7, *12. Thus, the UMOC claim based on the self-referral practice is the only count in the Counterclaim remaining.

[Id. at 13-14.]

As to Interrogatory Number 2, the magistrate judge concluded that "Defendants are entitled to discover charges for services and fees so they can ascertain how much income they lost as a result of self-referrals to other facilities." [Id. 12-13.] As with the prior categories, the period of production is from 2009 to the present, and TCCH is to respond if Plaintiffs "are unable to meaningfully and/or completely respond." [Id. at 13.]

Plaintiffs' Appeal argues that this Court should modify the contested portions of the 12/11/14 Discovery Order because, *inter alia*: the universe of patients that the order applies to is too broad;[6] when the magistrate judge issued his order, this Court had not yet issued its January 16, 2015 Order Granting in Part and Denying in Part Defendants' Motion to Exclude the Testimony of Jonathan A. Cunitz ("1/16/15 Cunitz Order");[7] the magistrate judge ordered Plaintiffs to produce documents he found

---

[6] Plaintiffs argue that the universe of patients covered by any production required pursuant to the 12/11/14 Discovery Order should be limited to patients who had a consultation with one of the PRO Physicians at QMC and then subsequently received treatment at a TCCH facility "between February 25, 2010 (four years before the filing of the counterclaim) and September 15, 2011 (the date Plaintiffs were informed they would not be allowed to treat future patients at QMC)" ("Plaintiffs' Proposed Patient Universe"). [Pltfs.' Appeal at 2.]

[7] The 1/16/15 Cunitz Order is docket number 479. It is also available at 2015 WL 225496. Defendants' Motion to Exclude the Testimony of Jonathan A. Cunitz ("Cunitz Motion") was filed on July 9, 2014. [Dkt. no. 231.]

7

relevant to Defendants' counterclaim, but he failed to limit the order to a period within the four-year statute of limitations for claims under Haw. Rev. Stat. Chapter 480; and the magistrate judge erroneously found that income Plaintiffs receive from TCCH, agreements between Plaintiffs and TCCH, and TCCH's financial information are relevant.  TCCH joins in Plaintiffs' arguments, and also emphasizes that requiring the production of information regarding "confidential costs and competitive data . . . could provide a roadmap for QMC to compete with TCCH."  [TCCH's Appeal at 8.]

**STANDARD**

The standard applicable to an appeal of a magistrate judge's pretrial order is set forth in this Court's Order Reserving Ruling on Plaintiffs' Appeal from Magistrate Judge's Order Regarding Discovery Issues [Dkt. 363], filed January 30, 2015 ("1/30/15 Discovery Appeal Order").  [Dkt. no. 493 at 7-8.[8]]  This Court therefore need not repeat that standard in the instant Order.

**DISCUSSION**

I. **Patient Records and Information**

RPD Numbers 9 through 11 and Interrogatory Number 3 address patient records and information.  This Court has

---

[8] The 1/30/15 Discovery Appeal Order is also available at 2015 WL 419654.

8

certified the following questions to the Hawai`i Supreme Court:

>   1.  May a third party who is in lawful possession of a patient's confidential medical records use, or be compelled to produce, these records in litigation where the patient is not a party?
>
>   2.  If a third party may use and/or produce a patient's confidential medical records in litigation, is a de-identification process sufficient to protect the patient's privacy interests where the third party already allowed its agents access to the patient's records and its agents inadvertently made part of the patient's medical information public?

[Certified Questions to the Hawai`i Supreme Court from the United States District Court for the District of Hawai`i, filed 3/31/15 (dkt. no. 541), at 8.] Because the issues raised in the Discovery Appeals regarding RPD Numbers 9 through 11 and Interrogatory Number 3 are inextricably intertwined with the issues raised in the certified questions, this Court cannot rule on those portions of the Discovery Appeals until the Hawai`i Supreme Court responds to the certified questions. This Court therefore RESERVES RULING on the portions of the Discovery Appeals regarding RPD Numbers 9 through 11 and Interrogatory Number 3.

After the Hawai`i Supreme Court responds to the certified questions, this Court will inform the parties if further briefing regarding the portions of the Discovery Appeals regarding RPD Numbers 9 through 11 and Interrogatory Number 3 is

necessary.

## II. Financial Information

The remaining discovery requests at issue in the Discovery Appeals - RPD Numbers 15 and 16 and Interrogatory Number 2 - relate to financial information regarding Plaintiffs and TCCH ("Disputed Financial Discovery Requests").[9] The magistrate judge ruled that the information sought in those requests is relevant to both Plaintiffs' claims and Defendants' counterclaim. [12/11/14 Discovery Order at 9, 12.] This Court reviews the magistrate judge's rulings regarding relevancy under the clearly erroneous standard. See, e.g., Williams v. United States, Civ. No. 08-00437 ACK-BMK, 2012 WL 406904, at *3 (D. Hawai`i Feb. 8, 2012) ("A magistrate judge's ruling on discovery issues, including relevancy, is clearly erroneous only when the district court is left with a definite and firm conviction that a mistake has been committed." (brackets, citation, and quotation marks omitted)).

The Disputed Financial Discovery Requests seek to obtain "PRO Associates' financial records, and the financial records in TCCH's possession" because Defendants believe that the discovery "will show that Plaintiffs' claimed 'economic losses'

---

[9] This Court notes that the required production of unredacted versions of Exhibits 5 and 9 through 12, [12/11/14 Discovery Order at 13-14,] is in response to RPD Numbers 15 and 16 [id. at 9-10].

10

are offset by increased TCCH distribution income." [Redacted
Mem. in Opp. at 6.] Plaintiffs argue that the magistrate judge
committed clear error in ordering Plaintiffs or TCCH to respond
to the Disputed Financial Discovery Requests because Plaintiffs
have limited the damages they seek to their loss of professional
fees for treatments they previously performed at QMC. Further,
Plaintiffs argue that any information related to their income
from TCCH is not relevant because, in their view, only "the
facility fees QMC argues it would have collected had the
identified universe of patients not been 'transferred' by
Plaintiffs to TCCH" are part of Defendants' alleged damages for
their counterclaim. [Pltfs.' Appeal at 2.] Thus, any technical
and/or facilities fees that TCCH collected, even if from patients
formerly seen at QMC, are not relevant.

    A.    **<u>Plaintiffs' Reliance on Prior Statements by this Court</u>**

Plaintiffs argue that the magistrate judge's finding of
relevance is contrary to this Court's "oral ruling" that TCCH's
financial information is not relevant to Plaintiffs' damages.
[Pltfs.' Appeal at 3.] Plaintiffs rely on statements -
designated below in bold - that this Court made during the
hearing on the Cunitz Motion:

> Now let's turn to Mr. Cunitz. . . . So this
> is the - these are the issues that I see with
> regard to this expert.
>
> First, with regard to the defendants'
> objections, I mean, **I don't see how this is any**

> **different than if it was a commercial litigation about, I don't know, unfair trade practices or some kind of interference with a business, that if you have a company with a subsidiary and that subsidiary fails or goes out of business or is unable to continue its operations, and they're claiming it's because the defendants did something or failed to do something or give them, that that [sic] whole company – you don't have to look at all the income that whole – the parent company has, you look at the subsidiary, how the subsidiary is doing before the alleged event, after the alleged event.**
>
> So I see a lot of objections saying, well, they should have looked at, you know, everything that these doctors - all their sources of income and so forth and so on, but it's such a defined injury, that they're saying that they had this flow of patients that was cut off as a result of what they claim to be actionable measures that were taken by Queen's. So - so as I understand it, that Mr. Cunitz looked at what that income stream was for those patients.

[12/1/14 Hrg. Trans., filed 12/4/14 (dkt. no. 443), at 30-31 (emphasis added).] The primary issue that this Court addressed in considering the Cunitz Motion was whether there was sufficient indicia of reliability in Dr. Cunitz's expert report and deposition testimony to allow Plaintiffs to present Dr. Cunitz's testimony and opinions regarding their damages at trial. This Court **did not** consider the issue of what evidence Defendants may present in their defense, let alone the scope of the discovery that Defendants are entitled to obtain to develop their defense. Thus, any statement that this Court made at the hearing on the Cunitz Motion regarding TCCH's financial information was not a

12

substantive ruling, and this Court does not construe the statement as the law of the case. This Court therefore DENIES Plaintiffs' Appeal, to the extent that it alleges that the magistrate judge violated a purported oral ruling by this Court.

**B.** **Fed. R. Civ. P. 26(b)(1) Analysis**

This Court agrees with the magistrate judge that: "'Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.' Relevancy, for purposes of Rule 26(b), is a broad concept that is construed liberally." See 12/11/14 Discovery Order at 3-4 (quoting Fed. R. Civ. P. 26(b)(1)). This Court has reviewed the pertinent portions of the record and has given significant deference to the magistrate judge's finding of relevance. See Hernandez v. Tanninen, 604 F.3d 1095, 1100 (9th Cir. 2010) (stating that "[t]he clear error standard is significantly deferential" (citations and quotation marks omitted)). Based on that review, this Court does not have "a definite and firm conviction" that the magistrate judge made a mistake in ruling that the documents and information that Defendants seek in the Disputed Financial Discovery Requests are relevant. See Williams, 2012 WL 406904, at *3.

This Court agrees with the magistrate judge that the documents and information that he ordered Plaintiffs - and, where necessary, TCCH - to produce are reasonably calculated to lead to

13

the discovery of admissible evidence.  This Court agrees with Defendants that the Disputed Financial Discovery Requests are reasonably calculated to lead to the discovery of evidence establishing the financial benefits that Plaintiffs received from their treatment of patients at TCCH.  That evidence is relevant both to Defendants' defense of offset for Plaintiffs' claimed damages and to Defendants' counterclaim as evidence of the motivation behind the PRO Member Physicians' allegedly improper self-referral practices.

Further, insofar as the ordered responses to the Disputed Financial Discovery Requests are relevant both to Plaintiffs' claims and to Defendants' counterclaim, this Court rejects Plaintiffs' and TCCH's argument that the scope of production should be limited to four years before Defendants filed the Counterclaim.  This Court concludes that the magistrate judge's ruling that the scope of the required production begins in 2009 is consistent with the applicable law.  This Court therefore DENIES the Discovery Appeals as to their challenges to the relevance of the Disputed Financial Discovery Requests.

    **C.**    <u>**Protection of the Amended Stipulated Protective Order**</u>

TCCH also argues that the magistrate judge committed clear error by requiring it to produce unredacted versions of Exhibit 5 and Exhibits 9-12 because allowing Defendants to have access to those documents would give QMC an unfair advantage in

its competition with TCCH. Those exhibits are redacted versions of the following documents:

- Exhibit 5, First Amended and Restated Limited Liability Company Agreement of The Cancer Center of Hawaii, LLC;

- Exhibit 9, Consulting Services Agreement (Medical Director of Technology) between TCCH and PRO;

- Exhibit 10, a subsequently amended and restated version of Exhibit 9;

- Exhibit 11, Professional and Medical Director Services Agreement for Pacific Radiation Oncology LLC and The Cancer Center of Hawaii, LLC; and

- Exhibit 12, Professional Services Agreement (Calypso Beacon® Electromagnetic Transponders) between TCCH and PRO.

This Court notes that Plaintiffs submitted Exhibit 5 and Exhibits 9-12 to this Court with a letter dated December 29, 2014 ("12/29/14 Letter"). The 12/29/14 Letter states that Defendants "submitted" those exhibits to the magistrate judge's chambers "under seal" for his consideration in reviewing the Motion to Compel, and therefore they "are not available in the Court docket." This Court points out that this type of submission results in an incomplete record, and it CAUTIONS the parties that, in the future, similar documents must be submitted with a motion to seal. This Court, however, FINDS that it is necessary for this Court to review Exhibit 5 and Exhibits 9-12 in its consideration of the Discovery Appeals. Further, this Court FINDS that there is good cause to file those exhibits under seal because of the nature of the information that they contain

15

regarding the relationship between PRO and TCCH.  See Oliner v. Kontrabecki, 745 F.3d 1024, 1026 (9th Cir. 2014) (noting that the "good cause standard applies to private materials unearthed during discovery, and to previously sealed discovery attached to a nondispositive motion" (citation and internal quotation marks omitted)).  This Court therefore DIRECTS the Clerk's Office to file the 12/29/14 Letter, and Exhibits 5 and 9 through 12 attached thereto, under seal.

This Court has ruled, *supra* Section II.B, that the unredacted versions of Exhibits 5 and 9 through 12 are relevant to both Plaintiffs' claims and Defendants' counterclaim.  This Court, however, finds that allowing Defendants' employees to have access to the redacted financial information "could cause substantial harm to [Plaintiffs and TCCH] or give [Defendants] an unfair competitive advantage over" them.  See Amended Stipulated Protective Order, filed 11/8/13 (dkt. no. 134), at 4, ¶ 7.  This Court therefore ORDERS that the unredacted versions of Exhibits 5 and 9 through 12 shall be designated "Attorneys' Eyes Only Information," as that term is defined in the Amended Stipulated Protective Order.  In light of those protections, this Court DENIES TCCH's Appeal as to its challenge to the magistrate judge's ruling that TCCH must produce unredacted versions of Exhibits 5 and 9 through 12.

**D.   Summary**

This Court DENIES both Plaintiffs' Appeal and TCCH's Appeal as to the magistrate judge's order to respond to the Disputed Financial Discovery Requests (RPD Numbers 15 and 16 and Interrogatory Number 2).  This Court AFFIRMS the magistrate judge's 12/11/14 Discovery Order as to his findings and conclusions regarding the Disputed Financial Discovery Requests.

**CONCLUSION**

On the basis of the foregoing, this Court HEREBY RESERVES RULING on Plaintiffs' Appeal and TCCH's Appeal from the magistrate judge's 12/11/14 Discovery Order [dkt. no. 449], to the extent that they challenge the order to respond to Defendants' Requests for Production of Documents Numbers 9 through 11 and Interrogatory Number 3.  After the Hawai`i Supreme Court responds to the certified questions, this Court will inform the parties if further briefing regarding the Discovery Appeals is necessary.

This Court HEREBY DENIES Plaintiffs' Appeal and TCCH's Appeal, and AFFIRMS the magistrate judge's order, in all other respects.  This Court ORDERS Plaintiffs and/or TCCH to comply with the portions of the magistrate judge's order that this Court has affirmed by no later than **May 1, 2015**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 20, 2015.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PACIFIC RADIATION ONCOLOGY, ET AL. VS. THE QUEEN'S MEDICAL CENTER, ET AL; CIVIL 12-00064 LEK-KSC; ORDER REGARDING PLAINTIFFS' APPEAL AND THE CANCER CENTER OF HAWAII, LLC'S APPEAL FROM THE MAGISTRATE JUDGE'S DECEMBER 11, 2014 ORDER**