IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACIFIC RADIATION ONCOLOGY, LLC, a Hawai`i Limited Liability Corporation, et al., | ) ) ) ) ) | CIVIL NO. 12-00064 LEK-KSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| THE QUEEN'S MEDICAL CENTER, a Hawai`i Non-Profit Corporation, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER RULING ON REMAINING ISSUES IN PENDING
APPEALS FROM THE MAGISTRATE JUDGE'S ORDERS**

On October 7, 2014, the magistrate judge issued his Order Regarding Discovery Issues ("10/7/14 Discovery Order"). [Dkt. no. 363.]  On October 14, 2014, Plaintiffs/Counterclaim Defendants Pacific Radiation Oncology, LLC, a Hawai`i Limited Liability Corporation ("PRO LLC"); PRO Associates, LLC, a Hawai`i Limited Liability Corporation ("PRO Associates"); John Lederer, M.D.; Laeton Pang, M.D.; Eva Bieniek, M.D.; Vincent Brown, M.D.; Paul DeMare, M.D.; and Thanh Huynh, M.D. (all collectively "Plaintiffs")[1] filed their appeal from the

---

[1] This Court will refer to Drs. Lederer, Pang, Bieniek, Brown, DeMare, and Huynh collectively as "the PRO Physicians," and to Drs. Lederer, Pang, Brown, DeMare, and Huynh collectively as "the PRO Member Physicians."  Dr. Bieniek is not a member of PRO LLC, and is not named as a defendant in the Counterclaim. [Counterclaim, filed 2/25/14 (dkt. no 175-1), at ¶ 7.]

10/7/14 Discovery Order ("10/7/14 Discovery Appeal").  [Dkt. no. 380.]

On December 11, 2014, the magistrate judge issued his Order: (1) Granting in Part and Denying in Part Defendants' Motion to Compel Discovery; (2) Denying Defendants' Motion for an Order Compelling Production of Documents by Non-parties Pursuant to Subpoenas; and (3) Granting Defendants' Motion to Amend the Amended Rule 16 Scheduling Order Filed September 15, 2014 ("12/11/14 Discovery Order").  [Dkt. no. 449.]  Plaintiffs filed an appeal from the 12/11/14 Discovery Order on December 22, 2014, and Interested Party The Cancer Center of Hawaii, LLC ("TCCH") filed its appeal on December 24, 2014 (collectively, "12/11/14 Discovery Appeals").  [Dkt. nos. 460, 463.]

This Court reserved ruling on a portion of the 10/7/14 Discovery Appeal and portions of the 12/11/14 Discovery Appeals, pending the Hawai`i Supreme Court's response to certified questions from this Court.  [Order Reserving Ruling on Plaintiffs' Appeal from Magistrate Judge's Order Regarding Discovery Issues [Dkt. 363], filed 1/30/15 (dkt. no. 493) ("10/7/14 Discovery Appeal Order"); Order Regarding Plaintiffs' Appeal and the Cancer Center of Hawaii, LLC's Appeal from the Magistrate Judge's December 11, 2014 Order, filed 4/20/15 (dkt.

no. 553) ("12/11/14 Discovery Appeals Order").[2]]  On June 13, 2016, the Hawai`i Supreme Court issued its opinion responding to the certified questions ("Response Opinion").  138 Hawai`i 14, 375 P.3d 1252 (2016), *reconsideration denied*, 138 Hawai`i 50, 375 P.3d 1288 (July 1, 2016).

On September 6, 2016, Defendants/Counter Claimants The Queen's Medical Center ("Queen's" or "QMC") and Queen's Development Corp. (collectively "Defendants")[3] filed a supplemental memorandum addressing the Response Opinion.  [Dkt. no. 628.]  Plaintiffs and TCCH filed their respective supplemental memoranda on September 20, 2016.  [Dkt. nos. 655, 656.]  Also on September 20, Intervenors John and Mary Does 1 through 19 (collectively "the Patient Intervenors") filed their supplemental memorandum.  [Dkt. no. 657.]

After careful consideration of the parties' submissions, the remaining portions of the 10/7/14 Discovery Appeal and the 12/11/14 Discovery Appeals are HEREBY GRANTED, and the remaining portions of the 10/7/14 Discovery Order and the 12/11/14 Discovery Order are HEREBY SET ASIDE.

---

[2] The 10/7/14 Discovery Appeal Order is also available at 2015 WL 419654, and the 12/11/14 Discovery Appeals Order is also available at 2015 WL 1778364.

[3] The other defendants have been dismissed pursuant to the parties' stipulation. [Stipulation of Partial Dismissal Without Prejudice of Individually Named Defendants, filed 3/11/15 (dkt. no. 539).]

In short, the Court CONCLUDES Hawai`i law precludes production of the de-identified information sought in this case because the proposed de-identified information could be used to identify patients.

## BACKGROUND

The background of this case is well known to the parties and the Court. It is set forth in, *inter alia*, this Court's: September 18, 2014 Amended Order Granting in Part and Denying in Part Plaintiffs' Motion for Temporary Restraining Order or in the Alternative for Preliminary Injunction ("9/18/14 TRO Order"); [dkt. no. 343;[4]] the 10/7/14 Discovery Appeal Order; and the 12/11/14 Discovery Appeals Order. This Court will therefore only discuss the background that is relevant to the effect of the Response Opinion on the remaining issues in the discovery appeals.

### I. 10/7/14 Discovery Appeal

In the 10/7/14 Discovery Order, the magistrate judge *inter alia*, found that the List Patients' medical records ("the List Patients' Records") will be discoverable if they are de-identified.[5] He ordered the parties to de-identify the List

---

[4] The 9/18/14 TRO Order is also available at 47 F. Supp. 3d 1069.

[5] "The List" and "the List Patients" are defined in the 10/7/14 Discovery Appeal Order. 2015 WL 419654, at *1 & n.5. The Patient Intervenors are all among the List Patients.

Patients' Records and to produce the de-identified records. [10/7/14 Discovery Order at 5.]  In the 10/7/14 Discovery Appeal, Plaintiffs argued that these rulings were erroneous.  This Court affirmed the magistrate judge's finding that the List Patients' Records are relevant.  10/7/14 Discovery Appeal Order, 2015 WL 419654, at *4.  This Court also "affirm[ed] the 10/7/14 Discovery Order, to the extent that it concluded that the List Patients' de-identified medical records are discoverable under [the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, *et seq.*,] and corresponding state law."  Id. at *8.

Because of the lack of Hawai`i caselaw applicable to the facts of this case, this Court could not determine "whether, under the circumstances of this case, the List Patients' right to privacy under article I, section 6 of the Hawai`i State Constitution trumps Defendants' need for the List Patients' Records, even after de-identification."  Id. at *11.  This Court therefore reserved ruling – pending the Hawai`i Supreme Court's response to the certified questions – on the ultimate issue of whether the magistrate judge erred in ordering the production of the List Patients' Records after de-identification.

## II. 12/11/14 Discovery Appeals

The following Requests for Production of Documents and Things remain in dispute after the 12/11/14 Discovery Appeals Order:

> 9. All documents relating to any patient that received medical care at both QMC's radiation therapy department and The Cancer Center of Hawai`i.
>
> 10. All communications amongst Plaintiffs relating to patients that received medical care at both QMC's radiation therapy department and The Cancer Center of Hawai`i.
>
> 11. All documents relating to the transfer of any patient from QMC to The Cancer Center of Hawai`i.

[Defs.' Motion to Compel Discovery, filed 7/28/14 (dkt. no. 256), Decl. of Claire Wong Black ("Black Motion to Compel Decl."), Exh. 14 (Defendant The Queen's Medical Center's First Request for Production of Documents and Things to Plaintiffs Pacific Radiation Oncology, LLC and PRO Associates, LLC, dated 9/26/13) at Exh. A at 2.]

The following Request for Answers to Interrogatories also remains in dispute: "3. Identify all patients that received medical care at both QMC and The Cancer Center of Hawai`i from 2001 to the present, and describe the procedure(s) performed at each location and the reason for providing care at multiple locations." [Black Motion to Compel Decl., Exh 15 (Defendant The Queen's Medical Center's First Request for Answers to

Interrogatories to Plaintiff Pacific Radiation Oncology, LLC, dated 9/26/13) at 8-9.] Queen's proposed the same interrogatories to PRO Associates.[6] [Id., Exh. 16 (Defendant The Queen's Medical Center's First Request for Answers to Interrogatories to Plaintiff PRO Associates, LLC, dated 9/26/13) at 8-9.] The magistrate judge ordered Plaintiffs – and, where necessary, TCCH – to respond to these discovery requests. In the 12/11/14 Discovery Appeals, Plaintiffs and TCCH argue that the magistrate judge erred in ordering them to respond to these discovery requests. This Court reserved ruling on these aspects of the 12/11/14 Discovery Appeals, pending the response to the certified questions.

**III. Response Opinion**

The Hawai`i Supreme Court reformulated the certified questions as follows:

> 1. May a party who is in lawful possession of a patient's confidential medical records use, or be compelled to produce, these records in litigation where the patient is not a party?
>
> 2. Is a de-identification process sufficient to protect the patient's privacy interests where the party already allowed its agents access to the patient's records and its agents inadvertently made part of the patient's medical information public?

---

[6] Insofar as interrogatory number 3 is identical for both the discovery request served on PRO and the request served on PRO Associates, any reference in this Order to interrogatory number 3 refers to that interrogatory in both discovery requests.

7

Response Opinion, 138 Hawai`i at 16, 375 P.3d at 1254. The supreme court specified that "the term 'party' refers to the parties to the litigation, not to the parties to the physician-patient relationship[, . . .] the 'parties' in this case are the plaintiffs and defendants, and the 'third parties' in this case are the patient intervenors." Id.

In responding to the first certified question, the supreme court held:

> The right to privacy is absolute where, as here, the individuals seeking to protect patient medical records, in discovery and beyond, are not parties to the litigation, have not consented to the use of their patient medical records in relation to the present lawsuit, and no compelling state interest has been shown. . . .
>
> . . . .
>
> . . . We hold that, pursuant to article I, section 6 of the Hawai`i Constitution, and under the facts of this case, **the parties cannot use, or be compelled to produce, confidential patient medical records in litigation where the patient is not a party, where no compelling state interest has been shown.**

Id. at 20, 375 P.3d at 1258 (emphasis added). As to the second certified question, the supreme court held:

> Just as article I, section 6 protects parties from the use and production of their de-identified information outside of litigation, **we conclude that article I, section 6 protects individuals from the use and production of their de-identified information in litigation to which they are not parties.** Thus, the use and production of even sufficiently de-identified medical records, under the circumstances of this case, will not

8

> adequately protect the patients from an invasion of their privacy.

Id. at 21, 375 P.3d at 1259 (emphasis added). Putting its holding another way, the supreme court stated:

> Extending Cohan [v. Ayabe, 132 Hawai`i 408, 322 P.3d 948 (2014),[7]] to cases in which parties seek to use and produce the medical records of non-parties, we hold that to allow an individual's medical information, even if de-identified, to be used in litigation to which that individual is not a party, would reach beyond what the Hawai`i Constitution permits in the absence of a showing of a compelling state interest. **In this case, QMC**

---

[7] In the Response Opinion, the Hawai`i Supreme Court stated:

> In Cohan, we held, "To allow [a party's medical] information to be used outside the litigation, regardless of whether it is de-identified or not, would reach beyond what the Hawai`i Constitution permits in the absence of a showing of a compelling state interest." 132 Hawai`i at 419, 322 P.3d at 959. In Cohan, we noted that the de-identification process under HIPAA is "extremely complex and problematic," and that, "[a]part from these technical considerations, there is the very complicated issue as to whether a patient has a legitimate basis for being concerned about what happens to their personal health information once it is de-identified." 132 Hawai`i at 417, 418, 322 P.3d at 957, 958 (footnote omitted). We quoted the following observation from the Seventh Circuit Court of Appeals with approval: "Even if there were no possibility that a patient's identity might be learned from a redacted medical record, there would still be an invasion of privacy." Cohan, 132 Hawai`i at 418, 322 P.3d at 958 (citing Nw. Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 929 (7th Cir. 2004)). . . .

138 Hawai`i at, 21, 375 P.3d at 1259 (some alterations in the Response Opinion).

> **has made no such showing, and we do not believe that a compelling state interest exists** in infringing upon the Hawai`i state constitutional privacy rights of over 100 cancer patients in order to resolve what is essentially a contract dispute between competing cancer treatment providers.

Id. at 22, 375 P.3d at 1260 (emphasis added).

This Court must now rule on the outstanding issues in the 10/7/14 Discovery Appeal and the 12/11/14 Discovery Appeals, in light of the guidance that the Hawai`i Supreme Court provided in the Response Opinion.

## DISCUSSION

### I. Violation of Article I, Section 6

Based on the Hawai`i Supreme Court's responses to the certified questions, this Court CONCLUDES that discovery of the List Patients' Records – even after de-identification – would violate article I, section 6 of the Hawai`i State Constitution. To the extent that the 10/7/14 Discovery Order and the 12/7/14 Discovery Order concluded otherwise, the orders are HEREBY SET ASIDE because they are contrary to law. See 10/7/14 Discovery Appeal Order, 2015 WL 419654, at *3 (describing the standard applicable to an appeal of a magistrate judge's pretrial order).

### II. Whether HIPAA Preempts Article I, Section 6

This Court must next determine whether HIPAA preempts the protections of article I, section 6 in the instant case. The HIPAA regulations state, in pertinent part:

10

>     A standard, requirement, or implementation specification adopted under this subchapter that is contrary to a provision of State law preempts the provision of State law.  This general rule applies, except if one or more of the following conditions is met:
>
>     . . . .
>
>     (b) The provision of State law relates to the privacy of individually identifiable health information and is more stringent than a standard, requirement, or implementation specification adopted under subpart E of part 164 of this subchapter.

45 C.F.R. § 160.203(b).

"Article 1, section 6 . . . provides more stringent protection over patient medical records than does HIPAA." Response Opinion, 138 Hawai`i at 19, 375 P.3d at 1257 (footnotes omitted).  However, this Court has recognized that "HIPAA allows 'more stringent' state law to preempt federal law only when it relates to the privacy of 'individually identifiable health information.'"  9/18/14 TRO Order, 47 F. Supp. 3d at 1083 (quoting 45 C.F.R. § 160.203(b)).  In the 9/18/14 TRO Order and in the 10/7/14 Discovery Appeal Order, this Court noted that the Hawai`i Supreme Court has stated that, because de-identified health information is not protected under HIPAA and because more stringent state laws are only exempt from HIPAA preemption as to "individually identifiable health information," "'state law also does not protect de-identified information.'"  Id. (quoting Cohan v. Ayabe, 132 Hawai`i 408, 417, 322 P.3d 948, 957 (2014) (quoting

11

Nw. Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 926 (7th Cir. 2004))).[8]

This statement in Cohan appears to indicate that the Hawai`i Supreme Court has already recognized that article I, section 6's protection of de-identified health information is preempted by HIPAA. However, the Response Opinion makes clear that this would be a misreading of Cohan, and that the case did not hold that article I, section 6 is ineffective as to de-identified health information. The supreme court stated:

> We consider the last statement [- that state law does not protect de-identified information -] to be an accurate summary of the holding in Nw. Mem'l Hosp., which was, more specifically, that Illinois' medical-records privilege, while providing "more stringent" state law protection of "individually identifiable health information," was no barrier to the discovery of de-identified health information. See also Zyprexa Prods. Liab. Litig., 254 F.R.D. 50, 52 (E.D.N.Y. 2008) (similarly concluding, "the States' [physician-patient] privilege laws pose no obstacle to the discovery of [patient] medical records, provided those records are de-identified.").
>
> By contrast, our express holding in Cohan was, "To allow [a party's medical] information to be used outside the litigation, regardless of whether it is de-identified or not, would reach beyond what the Hawai`i Constitution permits in the absence of a showing of a compelling state interest." 132 Hawai`i at 419, 322 P.3d at 959. . . .

Response Opinion, 138 Hawai`i at 21-22, 375 P.3d at 1259-60 (some

---

[8] The 10/7/14 Discovery Appeal Order quoted the 9/18/14 TRO Order. 2015 WL 419654, at *2.

alterations in the Response Opinion). The concurring opinion also points out that the preemption issue is still an open question. Id. at 22, 375 P.3d at 1260 (Recktenwald, C.J., concurring).

As noted *supra*, HIPAA does not preempt more stringent state laws as to "individually identifiable health information." For purposes of the HIPAA regulations,

> Individually identifiable health information is information that is a subset of health information, including demographic information collected from an individual, and:
>
> > (1) Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
> >
> > (2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and
> >
> > > (i) That identifies the individual; or
> > >
> > > (ii) With respect to which there is a reasonable basis to believe the information can be used to identify the individual.

45 C.F.R. § 160.103. In light of the HIPAA regulations' emphasis on the individual as opposed to health information in general, the issue before this Court in the remaining portions of the discovery appeals **is not** whether HIPAA preempts article I, section 6's protection of **all** de-identified health information. The issue is whether HIPAA preempts article I, section 6's

protection of the specific health information that Defendants seek from the List Patients' Records.

This Court previously found that it was still possible to de-identify the List Patients' Records, in spite of the prior disclosure and use of the List Patients' history and physicals. 10/7/14 Discovery Appeal Order, 2015 WL 419654, at *6-8. However, in light of the Response Opinion and the parties' supplemental memoranda discussing the opinion, and after further consideration of the applicable legal authority, this Court concludes that it is appropriate to reconsider that finding. Cf. United States v. Smith, 389 F.3d 944, 949 (9th Cir. 2004) (holding that a district court may *sua sponte* reconsider a prior interlocutory ruling over which it still has jurisdiction).

In the 10/7/14 Discovery Appeal Order, this Court concluded that the List Patients' Records are arguably relevant to Defendants' defenses and to the remaining portion of Counterclaim Count II because

> Defendants contend that they were justified in terminating the PRO Physicians' privileges because of concerns that the PRO Physicians were improperly diverting patients they saw at Queen's to TCCH facilities. The . . . remaining portion of Counterclaim Count II . . . alleges that the PRO Member Physicians' self-referral practices were an unfair method of competition ("UMOC"), in violation of Haw. Rev. Stat. § 480-2. The List Patients' Records will establish what procedures the patients could have received at Queen's, but for the allegedly deceptive referrals.

2015 WL 419654, at *4. Defendants state that:

>
> The de-identified information needed consists only of the following:
>
> - Type (or location) of cancer;
>
> - Type of treatment(s) (*e.g.*, prone breast) and age and model of equipment used in treatment;
>
> - Timing and form of disclosure of the Plaintiffs' economic interests;
>
> - Patient's residential zip code and place of treatment (Liliha or Leeward);
>
> - Insured status (public, private or none).

[Defs.' Suppl. Mem. at 7.]

It is clear that the proposed de-identified information would: 1) be health information about the List Patients that Queen's – a health care provider – either created or received; 2) relate to the List Patients' past, present, or future health conditions; 3) relate to the provision of health care to the List Patients; and 4) relate to the payment for that health care. However, it is also clear that the List Patients' Records can be redacted so that they do not identify the patients directly, such as by name or identifying numbers. The closer question is whether the List Patients' Records can be redacted such that there is no "reasonable basis to believe the information can be used to identify" them.

45 C.F.R. § 164.514(b)(2)(i) "sets forth specific identifiers which, if removed, 'de-identify,' the health

records." Nw. Mem'l Hosp., 362 F.3d at 934. "Once these identifiers are redacted, the medical records are no longer 'individually identifiable health information.'" Id. (quoting 45 C.F.R. § 164.514(a)). First, Defendants' description of their proposed de-identified information does not comply with § 164.514(b). For example, § 164.514(b)(2) states, in pertinent part:

> A covered entity may determine that health information is not individually identifiable health information only if:
>
> . . . .
>
> (2)(i) The following identifiers of the individual or of relatives, employers, or household members of the individual, are removed:
>
> . . . .
>
> (B) All geographic subdivisions smaller than a State, including street address, city, county, precinct, zip code, and their equivalent geocodes, except for the initial three digits of a zip code if, according to the current publicly available data from the Bureau of the Census:
>
>> (1) The geographic unit formed by combining all zip codes with the same three initial digits contains more than 20,000 people; and
>>
>> (2) The initial three digits of a zip code for all such geographic units containing 20,000 or fewer people is changed to 000.

In contrast, Defendants seek the List Patients' residential zip codes. In addition to the failure to comply with § 164.514(b),

this Court has carefully considered all of the relevant legal authority, the facts of this case, and all of the specific information in Defendants' de-identification proposal. This Court FINDS that, in light of the prior disclosure and use of the List Patients' health information, "there is a reasonable basis to believe" that Defendants' proposed de-identified information could be used to identify the List Patients.

This Court therefore CONCLUDES that, even after Defendants' proposed de-identification, the remaining information from the List Patients' Records still constitutes "individually identifiable health information" for purposes of the HIPAA regulations. Because this Court has concluded the information at issue is individually identifiable health information, this Court also CONCLUDES that Hawaii's "more stringent" privacy standards under article I, section 6 of the Hawai`i State Constitution apply instead of HIPAA. See § 160.203(b).

III. **Decision**

In light of the foregoing conclusions, this Court CONCLUDES that the 10/7/14 Discovery Order is contrary to law, to the extent that the magistrate judge ordered the parties to de-identify the List Patients' Records and to produce the de-identified records. This Court HEREBY SETS ASIDE that portion of the 10/7/14 Discovery Order.

Further, this Court CONCLUDES that the 12/11/14 Discovery Order is contrary to law, to the extent that the magistrate judge: ordered Plaintiffs and TCCH to respond to Requests for Production of Documents and Things numbers 9, 10, and 11; and ordered PRO LLC and PRO Associates to respond to Request for Answers to Interrogatories number 3. This Court HEREBY SETS ASIDE those portions of the 12/11/14 Discovery Order.

### CONCLUSION

On the basis of the foregoing, the Court HEREBY GRANTS the remaining portions of: Plaintiffs' Appeal from Magistrate Judge's Order Regarding Discovery Issues *[Dkt. 363]*, filed October 17, 2014; Plaintiffs' Appeal from Magistrate Judge's Order Granting Defendants' Motion to Compel Discovery *[Dkt 449]*, filed December 22, 2014; and TCCH's Appeal from Magistrate Judge's Order Granting Defendants' Motion to Compel Discovery *[Dkt 449]*, filed December 24, 2014. The portions of the magistrate judge's October 7, 2014 order and December 11, 2014 order that remained after this Court's January 30, 2015 order and April 20, 2015 order on the discovery appeals are HEREBY SET ASIDE, as more specifically set forth *supra* Discussion Section III.

//
//
//

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 23, 2016.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PACIFIC RADIATION ONCOLOGY, LLC, ET AL. V. THE QUEEN'S MEDICAL CENTER, ET AL.; CIVIL NO. 12-00064 LEK-KSC; ORDER RULING ON REMAINING ISSUES IN PENDING APPEALS FROM THE MAGISTRATE JUDGE'S ORDERS**