```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

PACIFIC RADIATION ONCOLOGY,    )   CIVIL NO. 12-00064 LEK-KSC
LLC, a Hawai`i Limited         )
Liability Corporation, et      )
al.,                           )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
THE QUEEN'S MEDICAL CENTER, a  )
Hawai`i Non-Profit             )
Corporation, et al.,           )
                               )
          Defendants.          )
_____)
```

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION
OF [693-1] ORDER RULING ON REMAINING ISSUES IN
<u>PENDING APPEALS FROM THE MAGISTRATE JUDGE'S ORDERS</u>**

Before the Court is Defendants/Counter Claimants The Queen's Medical Center ("Queen's" or "QMC") and Queen's Development Corporation's (collectively "Defendants") Motion for Reconsideration of [693-1] Order Ruling on Remaining Issues in Pending Appeals from the Magistrate Judge's Orders ("Motion for Reconsideration"), filed on December 7, 2016.  [Dkt. no. 702.] On December 21, 2016, Plaintiffs Pacific Radiation Oncology, LLC, a Hawai`i Limited Liability Corporation ("PRO LLC"); PRO Associates, LLC, a Hawai`i Limited Liability Corporation; John Lederer, M.D.; Laeton Pang, M.D.; Eva Bieniek, M.D.; Vincent Brown, M.D.; Paul DeMare, M.D.; and Thanh Huynh, M.D. (all collectively "Plaintiffs") filed their memorandum in opposition; Counterclaim Defendants Drs. Lederer, Pang, Brown,

DeMare, and Huynh ("Counterclaim Defendants") filed their memorandum in opposition; and the Patient-Intervenors filed their memorandum in opposition. [Dkt. nos. 704, 705, 706.] On January 4, 2017, Defendants filed one reply to Plaintiffs' memorandum in opposition and the Counterclaim Defendants' memorandum in opposition, and another reply to the Patient-Intervenors' memorandum in opposition. [Dkt. nos. 713, 714.]

The Court has considered this matter as a non-hearing motion pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion for Reconsideration is HEREBY DENIED because, as set forth more fully below, the Hawai`i Supreme Court has ruled the medical information cannot be used or compelled to be produced, Defendants have not shown any reasonable basis to believe that other patients diverted from Queen's exist, and Defendants merely to seek to rehash their objections to this Court's prior ruling.

## DISCUSSION

The relevant background is set forth in the orders cited in this Court's November 23, 2016 Order Ruling on Remaining Issues in Pending Appeals from the Magistrate Judge's Orders

("11/23/16 Order"). [Dkt. no. 693.[1]] The legal standards applicable to a motion for reconsideration are set forth in this Court's January 21, 2015 Order Denying Plaintiffs' Motion for Reconsideration of [Dkt. 431] Order Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment on the Counterclaim, or in the Alternative, to Sever Defendants' Counterclaim [Dkt No. 175-1] Filed February 25, 2014 ("1/21/15 Reconsideration Order"). [Dkt. no. 485.[2]]

The instant Motion for Reconsideration argues that the 11/23/16 Order is incomplete because the order does not address the following discovery which the magistrate judge ordered the production of in the 12/11/14 Discovery Order:[3] 1) documents

---

[1] The 11/23/16 Order is also available at 2016 WL 6996982.

[2] The 1/21/15 Reconsideration Order is also available at 2015 WL 274131.

[3] The 12/11/14 Discovery Order is the magistrate judge's Order: (1) Granting in Part and Denying in Part Defendants' Motion to Compel Discovery; (2) Denying Defendants' Motion for an Order Compelling Production of Documents by Non-parties Pursuant to Subpoenas; and (3) Granting Defendants' Motion to Amend the Amended Rule 16 Scheduling Order Filed September 15, 2014. [Filed 12/11/14, dkt. no. 449.] Plaintiffs filed an appeal from the 12/11/14 Discovery Order on December 22, 2014, and Interested Party The Cancer Center of Hawaii, LLC ("TCCH") filed its appeal on December 24, 2014 (collectively, "12/11/14 Discovery Appeals"). [Dkt. nos. 460, 463.] On April 20, 2015, this Court issued its Order Regarding Plaintiffs' Appeal and the Cancer Center of Hawaii, LLC's Appeal from the Magistrate Judge's December 11, 2014 Order ("12/11/14 Discovery Appeals Order"). 2015 WL 1778364.

regarding the List Patients[4] other than their medical records; and 2) documents regarding patients that were not among the List Patients ("the Non-List Patients").  Defendants also argue that this Court should reconsider the 11/23/16 Order because, according to Defendants, "the mere possibility of re-identification cannot bar discovery of documents that go to the heart of QMC's defenses and counterclaims."  [Mem. in Supp. of Motion for Reconsideration at 12-13.]

      First, Defendants' assertion that the Hawai`i Supreme Court's Response Opinion[5] "was limited to the discovery of non-party List Patients' de-identified medical records in litigation," [id. at 10,] is not supported by and misstates the Response Opinion.  The certified questions – as posed by this Court and as reformulated by the Hawai`i Supreme Court – refer to confidential medical **records**.  Response Opinion, 138 Hawai`i at 15-16, 375 P.3d at 1253-54.  In addition, the supreme court

---

[4] The "List Patients" are 132 patients "who had a consultation with a PRO physician but then did [not] show up at [Queen's] again for radiation therapy during the time frame January 2011 through June of 2011."  Order Reserving Ruling on Plaintiffs' Appeal from Magistrate Judge's Order Regarding Discovery Issues [Dkt. 363], 2015 WL 419654, at *1 & n.5 (D. Hawai`i Jan. 30, 2015) ("10/7/14 Discovery Appeal Order") (alterations in original).

[5] The "Response Opinion" is the Hawai`i Supreme Court's June 13, 2016 opinion responding to the certified questions from this Court.  138 Hawai`i 14, 375 P.3d 1252 (2016), *reconsideration denied*, 138 Hawai`i 50, 375 P.3d 1288 (July 1, 2016).

stated:

> We hold that, pursuant to article I, section 6 of the Hawai`i Constitution, and under the facts of this case, the parties cannot use, or be compelled to produce, confidential patient medical **records** in litigation where the patient is not a party, where no compelling state interest has been shown.

Id. at 20, 375 P.3d at 1258 (emphasis added).

However, reading the Response Opinion as a whole, it is clear that the legal principles the supreme court articulated protect patients' medical **information**, not just their actual medical records. In particular, the supreme court stated:

> our express holding in Cohan [v. Ayabe] was, "To allow [a party's medical] **information** to be used outside the litigation, regardless of whether it is de-identified or not, would reach beyond what the Hawai`i Constitution permits in the absence of a showing of a compelling state interest." 132 Hawai`i [408,] 419, 322 P.3d [948,] 959 [(2014)]. Extending Cohan to cases in which parties seek to use and produce the medical records of non-parties, we hold that to allow an individual's medical **information**, even if de-identified, to be used in litigation to which that individual is not a party, would reach beyond what the Hawai`i Constitution permits in the absence of a showing of a compelling state interest. . . .

Id. at 22, 375 P.3d at 1260 (some alterations in Response Opinion) (emphases added). The Hawai`i Supreme Court held that the parties' disputes in the instant case do not present a compelling interest. Id.

This Court therefore rejects Defendants' argument that the Response Opinion is limited to patient medical records. To the extent that the Motion for Reconsideration argues this Court

5

should only have set aside the portion of the magistrate judge's orders requiring Plaintiffs and – where necessary TCCH – to produce the List Patients' medical records, the Motion for Reconsideration is DENIED.

The Motion for Reconsideration also argues that the Response Opinion does not prohibit the production of responsive documents that were not specific to any specific patients, including forms, policies and procedures, and communications describing business practices. See Mem. in Supp. of Motion for Reconsideration at 10-11. Defendants may have requested such general documents from Plaintiff and/or TCCH, but this Court does not construe the discovery requests that remained in dispute after the 12/11/14 Discovery Appeals Order ("Remaining Requests") as requesting such documents. See 11/23/16 Order, 2016 WL 6996982, at *2-3 (quoting the Remaining Requests). This Court therefore DENIES the Motion for Reconsideration as to Defendants' argument regarding general documents that are not patient-specific.

As to Defendants' argument that the 11/23/16 Order is incomplete because it does not address the production of de-identified documents related to the Non-List Patients, it is questionable whether such an issue is even properly before this Court at this time. Cf. Wereb v. Maui Cty., 830 F. Supp. 2d 1026, 1031 (D. Hawai`i 2011) ("[R]econsideration may not be based

on evidence and legal arguments that a movant could have presented at the time of the challenged decision." (some citations omitted) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000))). In this Court's view, until the Motion for Reconsideration, the focus of the pending discovery disputes was on the List Patients' medical information. For example, the second certified question – as posed and as reformulated – specifically addressed the inadvertent publication of patient medical information, *i.e.* the List. See Response Opinion, 138 Hawai`i at 15-16, 375 P.3d at 1253-54. Further, Defendants' September 6, 2016 supplemental memorandum addressing how the Response Opinion affected the remaining issues in the pending discovery appeals ("Supplemental Memorandum") did not raise the issue of the Non-List Patients' medical information. [Dkt. no. 628.] Although this Court could deny this portion of the Motion for Reconsideration solely on the ground that it improperly raises a new argument, this Court will address it on the merits.

The Non-List Patients are only relevant to the claims and defenses in this case if they – like the List Patients – may have been diverted away from Queen's after an initial consultation and/or treatment at Queen's to a TCCH facility for subsequent care that they could have received at Queen's. If such patients exist, Defendants create a list of such patients –

7

using de-identified information – because they were all seen at Queen's at some point. However, Defendants have not shown that there is a reasonable basis to believe that such patients exist in the first instance, or that Plaintiffs and/or TCCH have documents about such patients that are responsive to the Remaining Requests. See Fed. R. Civ. P. 26(g)(1)(B)(iii) (stating that, *inter alia*, every discovery request must be signed by at least one attorney of record, certifying that the discovery request is not "unreasonable . . . considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action").

Thus, to the extent that the Remaining Requests sought de-identified medical information about the purported Non-List Patients, Defendants are not entitled to such discovery because – although information regarding such patients would be in Defendants' possession – Defendants have not established a reasonable basis for their discovery requests about such patients. This Court therefore reaffirms its ruling setting aside the portions of the 12/11/14 Discovery Order requiring Plaintiffs and TCCH to respond to the Remaining Requests, in their entirety. Defendants' Motion for Reconsideration is DENIED as to their argument regarding the purported Non-List Patients.

Finally, this Court rejects Defendants' argument regarding whether de-identification of the List Patients' medical

information is possible, which would trigger HIPPAA preemption.[6] Defendants essentially disagree with this Court's analysis of the de-identification/preemption issues in the 11/23/16 Order, and this alone does not warrant reconsideration of the Court's order. See Barnes v. Sea Hawaii Rafting, LLC, 16 F. Supp. 3d 1171, 1183 (D. Hawai`i 2014) ("Mere disagreement with a previous order is an insufficient basis for reconsideration." (citation omitted)). Further, to the extent that Defendants attempt to suggest other de-identification proposals, those are new arguments which Defendants could have raised before this Court issued the 11/23/16 Order, and those arguments are not properly before this Court at this stage. Defendants made a strategic decision to request certain information in the de-identification proposal included within their Supplemental Memorandum. No new strategies can be considered at this point. Defendants' Motion for Reconsideration is therefore DENIED as to their challenge to this Court's de-identification/preemption analysis.

## **CONCLUSION**

On the basis of the foregoing, Defendants' Motion for Reconsideration of [693-1] Order Ruling on Remaining Issues in Pending Appeals from the Magistrate Judge's Orders, filed December 7, 2016, is HEREBY DENIED.

---

[6] HIPAA is the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, *et seq.*

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 10, 2017.



                         /s/ Leslie E. Kobayashi
                         Leslie E. Kobayashi
                         United States District Judge

**PACIFIC RADIATION ONCOLOGY, LLC, ET AL. VS. THE QUEEN'S MEDICAL CENTER, ET AL; CIVIL 12-00064 LEK-KSC; ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF [693-1] ORDER RULING ON REMAINING ISSUES IN PENDING APPEALS FROM THE MAGISTRATE JUDGE'S ORDERS**