IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC RADIATION ONCOLOGY, LLC, a Hawai`i Limited Liability Corporation, et al., | CIVIL NO. 12-00064 LEK-KSC |
| Plaintiffs, | |
| vs. | |
| THE QUEEN'S MEDICAL CENTER, a Hawai`i Non-Profit Corporation, et al., | |
| Defendants. | |

**ORDER RULING ON THE PARTIES' MOTIONS IN LIMINE**

On September 12, 2016, Plaintiffs filed eight motions in limine. [Dkt. nos. 630-34, 636, 638, 640.] On November 1, 2016, Defendants filed a motion in limine. [Dkt. nos. 667 (redacted), 687 (unredacted).] The Counterclaim Defendants filed joinders in Plaintiffs' Motions Limine Nos. 1, 2, 5, and 7 (collectively "Joinders"). [Dkt. nos. 660-62, 664.] This Court has construed the Joinders as joinders of simple agreement, rather than substantive joinders. [EO: Court Order Denying Motions to Strike, filed 12/7/16 (dkt. no. 701), at 2.]

On December 6, 2016, the motions in limine – with the exception of Plaintiffs' Motions in Limine Nos. 4 and 8, [dkt. nos. 636, 640,] which are scheduled for hearing on February 7, 2017 – came on for hearing before this Court. After careful consideration of the motions in limine, supporting and opposing

memoranda, and the relevant legal authority, this Court HEREBY RULES as follows.

## I. General Issues

The following issues each affect multiple motions in limine:

### A. Free-Riding Defense

This Court granted summary judgment in favor of Plaintiffs/Counterclaim Defendants as to Defendants/Counter Claimants' unfair methods of competition claim based on free-riding. See Order Granting in Part & Denying in Part Plfts.' Motion for Summary Judgment on the Counterclaim Filed Feb. 25, 2015 [Dkt. 175-1], 2014 WL 6749117, at *9 (D. Hawai`i Nov. 30, 2014). However, this Court's ruling does not preclude Defendants from asserting that: 1) they had a legitimate business interest in preventing free-riding; and 2) the prevention of free-riding is a defense to Plaintiffs' claims asserting that Defendants engaged in anti-competitive conduct. Cf. Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 485 n.33 (1992) (noting that Continental T.V., Inc. v. GTE Sylvania Inc., 433 U.S. 36, 55 (1977), and Monsanto Co. v. Spray-Rite Serv. Corp., 465 U.S. 752, 762-63 (1984), "accepted free-riding as a justification because without restrictions a manufacturer would not be able to induce competent and aggressive retailers to make the kind of investment of capital and labor necessary to distribute the product");

Chicago Prof'l Sports Ltd. P'ship v. Nat'l Basketball Ass'n, 961 F.2d 667, 674 (7th Cir. 1992) ("Control of free-riding is accordingly an accepted justification for cooperation."). To the extent that any of Plaintiffs' motions in limine ask this Court to exclude categorically evidence and argument regarding free-riding **as a defense**, Plaintiffs' motions in limine are DENIED.

### B. Off-Set

This Court CONCLUDES that the amount of additional compensation that any Plaintiff received from the treatment of patients at The Cancer Centers of Hawaii ("TCCH") – after Defendant The Queen's Medical Center ("Queen's" or "QMC") adopted the closed-department model for its radiation oncology department, compared to the compensation that Plaintiff would have received from the treatment of the same patients at Queen's – is relevant to the issue of Plaintiffs' damages. The additional compensation that Plaintiffs received by treating patients at TCCH off sets the physician fees that they lost once they were not able to treat their patients at Queen's. Similarly, the compensation that Plaintiffs received from the treatment of patients at TCCH prior to Queen's adoption of the closed-department model is relevant to show whether, and if so, how much, Plaintiffs' compensation from the treatment of patients at TCCH changed after Queen's adopted the closed-department model. To the extent that any of Plaintiffs' motions in limine

3

ask this Court to exclude evidence and argument regarding Plaintiffs' TCCH compensation **for purposes of off-set**, Plaintiffs' motions in limine are DENIED.

### C. The List Patients' Medical Information

On November 23, 2016, this Court issued its Order Ruling on Remaining Issues in Pending Appeals from the Magistrate Judge's Orders ("11/23/16 Order"). 2016 WL 6996982. On December 7, 2016, Defendants filed a motion for reconsideration of the 11/23/16 Order, and this Court recently denied that motion. [Dkt. nos. 702, 724.] Thus, even if de-identified, all of the List Patients' medical records, as well as any other document containing any List Patient's medical information, are inadmissible, unless the proponents of the document establish that they obtained the patient's consent to use his or her medical information in this litigation. To the extent that any of Plaintiffs' motions in limine seek to exclude any of the List Patients' medical information, Plaintiffs' motions in limine are GRANTED, unless the proponent of the evidence establishes consent.

To the extent that any party intends to introduce any other patient's medical information, this Court will address the issues of consent and de-identification on a case-by-case basis.

This Court now turns to its rulings on the individual motions in limine.

4

**II. Plaintiffs' Motion in Limine No. 1 to Exclude the Expert Testimony of Ron DiGiamo [dkt. no. 634] ("MIL No. 1")**

This Court ADOPTS its inclination regarding MIL No. 1 as its ruling on the motion. See Entering Order, filed 12/5/16 (dkt. no. 696) ("Inclinations EO"), at 1.] Plaintiffs' MIL No. 1 is therefore DENIED.

**III. Plaintiffs' Motion in Limine No. 2 to Exclude the Testimony of David Argue [dkt. no. 630] ("MIL No. 2")**

Plaintiffs' MIL No. 2 is GRANTED to the extent that it seeks to exclude: 1) David Argue as an expert witness since Defendants have represented that they will not offer Mr. Argue as an expert; and 2) any testimony by Mr. Argue regarding the free-riding **claim** in the Counterclaim. Plaintiffs' MIL No. 2 is DENIED to the extent that it seeks to exclude Mr. Argue's testimony on all other matters. This Court RESERVES RULING on relevancy, privilege, and other grounds until trial or until otherwise moved upon by the parties.

Mr. Argue may testify as a summary witness pursuant to Fed. R. Evid. 1006, which states:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

This Court FINDS that summary testimony will assist the jury and will increase the efficiency of the trial. However, the documents that Mr. Argue summarizes must be admissible. In other words, prior to offering Mr. Argue's testimony summarizing documents, Defendants must be able to establish that the documents are relevant and properly authenticated, and not privileged by operation of rule, statute, or constitutional provision.

This Court DIRECTS the parties to: 1) meet-and-confer by **January 17, 2017** to discuss which documents Mr. Argue will be summarizing; and 2) submit letters briefs, not to exceed five pages each, reporting on the outcome of the meeting. The parties must submit their letter briefs to this Court by **January 19, 2017**. If they are able to reach an agreement regarding which documents Mr. Argue will summarize, the parties may submit a joint letter brief.

Plaintiffs' MIL No. 2 is therefore GRANTED IN PART AND DENIED IN PART.

**IV. Plaintiffs' Motion in Limine No. 3 to Exclude the Testimony of Richard O. Schmidt [dkt. no. 631] ("MIL No. 3")**

Plaintiffs' MIL No. 3 is DENIED as to the portions of Richard O. Schmidt, Jr., J.D., LL.M.'s report dated October 14, 2013 ("Schmidt Report") that respond to the portions of the September 2013 reports of Ronald B. Goodspeed, M.D., M.P.H.,

6

F.A.C.P., F.A.C.P.E., and Thomas L. Greaney, J.D., that this Court ruled Plaintiffs may present at trial.  <u>See</u> Order Granting in Part & Denying in Part Defs.' Motion to Exclude the Testimony of Ronald B. Goodspeed and Defs.' Motion to Exclude the Testimony of Thomas L. Greaney, 2014 WL 7665074, at *3 (D. Hawai`i Dec. 31, 2014).  Thus, this Court CONCLUDES that, at trial, Defendants may present Mr. Schmidt's testimony regarding the following opinions in the Schmidt Report:

-page 2, first complete paragraph, except for the sentence beginning "This is also true for all" and ending "regarding this matter," and the sentence beginning "Thus, this was not only" and ending "they are now challenging";

-page 2, second complete paragraph;

-page 3, second complete paragraph;

-the paragraph that begins on page 3 and ends on page 4;

-page 4, first complete paragraph;

-page 5, the first sentence of the second complete paragraph; and

-page 6, the first sentence of the second complete paragraph.

      As to these areas, this Court FINDS that Mr. Schmidt's specialized knowledge will help the jury to understand the evidence in this case; his testimony will be based on sufficient facts; his testimony will be the product of reliable principles that he has reliably applied to the facts of this case; and his opinions regarding these areas will not intrude upon this Court's duty to instruct the jury on the applicable law.  Further, Mr. Schmidt's testimony, as limited by this Order, will not be

duplicative.  This Court therefore DENIES Plaintiffs' MIL No. 3 as to these opinions.

Plaintiffs' MIL No. 3 is GRANTED insofar as Mr. Schmidt's testimony regarding the other opinions in the Schmidt Report is HEREBY EXCLUDED, for the reasons set forth in this Court's inclination regarding MIL No. 3.  [Inclinations EO at 2.]

Plaintiffs' MIL No. 3 is therefore GRANTED IN PART AND DENIED IN PART.

## V. Plaintiffs' Motion in Limine No. 5 to Exclude Confidential Information of the Cancer Center of Hawai`i and PRO Associates LLC [dkt. no. 632] ("MIL No. 5")

Plaintiffs' MIL No. 5 is DENIED to the extent that it asks this Court to exclude categorically the evidence that Defendants obtained through subpoenas they served upon non-party members and business associates of TCCH.  To the extent Plaintiffs allege that Defendants improperly obtained this discovery, Plaintiffs waived any objection because they failed to take timely action to prevent TCCH's members and business associates from disclosing the materials to Defendants.  It was not enough that Plaintiffs put Defendants on notice of their objections to similar discovery requests that Defendants served on Plaintiffs; Plaintiffs also had to take specific action regarding the subpoenas served on TCCH's members and business associates.  For example, Plaintiffs could have filed a motion to

quash the subpoenas pursuant to Fed. R. Civ. P. 45(d)(3)(B) or a motion for a protective order pursuant to Fed. R. Civ. P. 26(c)(1).  Or Plaintiffs could have moved for sanctions or other relief within a reasonable amount of time after learning that Defendants succeeded in obtaining responses to the subpoenas.  Plaintiffs themselves point out that Defendants used documents they obtained as a result of the subpoenas as exhibits to docket numbers 272 and 290.  [Mem. in Supp. of MIL No. 5 at 7.] Defendants filed those documents in August 2014.

Plaintiffs' MIL No. 5 is therefore DENIED, subject to the proponent of the evidence described in MIL No. 5 laying the proper foundation and addressing any privilege objection raised.

**VI. Plaintiffs' Motion in Limine No. 6 to Preclude Improper Use of Evidence Obtained During Discovery [dkt. no. 633] ("MIL No. 6")**

Plaintiffs' MIL No. 6 is GRANTED insofar as Defendants may only present evidence supporting the decision to adopt the closed-department model if the evidence was known to Defendants at the time of the decision.  Put another way, information supporting the closed-department model that was not known by Defendants until after August 29, 2011 will not be permitted.  This Court, however, will allow Defendants to present evidence obtained after August 29, 2011 if Defendants can establish that, but for Plaintiffs' actions to conceal the evidence, it would have been known to Defendants at the time of the decision.

Plaintiffs' MIL No. 6 is DENIED in all other respects.

Plaintiffs' MIL No. 6 is therefore GRANTED IN PART AND DENIED IN PART.

### VII. Plaintiffs' Motion in Limine No. 7 to Exclude Inadmissible Evidence of Patient Complaints [dkt. no. 638] ("MIL No. 7")

Plaintiffs' MIL No. 7 is DENIED insofar as this Court will allow Defendants to present evidence of patient complaints **in support of their defense** to Plaintiffs' claims, with a limiting instruction that the testimony is not being offered for the truth of the matters asserted.  So limited, the evidence would not constitute hearsay.  Defendants are directed to draft the limiting instruction and submit it to the Court by **January 17, 2017**.  Plaintiffs are directed to submit a statement by **January 19, 2017** addressing: 1) whether they agree with the language of Defendants' draft instruction; and 2) if they do not agree, their proposed instruction.

To the extent that Defendants also intend to use such evidence to support their Counterclaim, this Court RESERVES RULING on Plaintiffs' MIL No. 7, subject to its review of the parties' letter briefs regarding the possible bifurcation of the trial on the Counterclaim from the trial on Plaintiffs' claims.

**VIII.    Defendants' Motion in Limine to Exclude Testimony and Report of Jonathan Cunitz or in the Alternative to Strike Portions of Said Report and Testimony [dkt. nos. 667, 687] ("Defendants' MIL")**

Defendants' MIL is DENIED because this Court CONCLUDES that the September 30, 2016 report of Jonathan A. Cunitz, D.B.A., is a proper supplemental report, for the same reasons that this Court set forth regarding Dr. Cunitz's February 19, 2015 supplemental report.  See Order Granting in Part & Denying in Part Defs.' Motion to Strike the Feb. 19, 2016 Suppl. Report of Jonathan Cunitz, 2015 WL 1631541 (D. Hawai`i Apr. 13, 2015).  The arguments in Defendants' MIL regarding the reliability of Dr. Cunitz's analysis are relevant to the weight of his testimony, not the admissibility.  They are proper subjects for Dr. Cunitz's cross-examination at trial, but they do not warrant exclusion of Dr. Cunitz's testimony.  Defendants' MIL is therefore DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 11, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PACIFIC RADIATION ONCOLOGY, LLC, ET AL. VS. THE QUEEN'S MEDICAL CENTER, ET AL; CIVIL 12-00064 LEK-KSC; ORDER RULING ON THE PARTIES' MOTIONS IN LIMINE**